# Jones *v.* The State.

### Indictment for Carrying Concealed Weapons.

*Carrying concealed weapons; what constitutes.* — To constitute concealment within the meaning of the statute against carrying concealed weapons (Rev. Code, § 3555), it is sufficient if the weapon be hidden from ordinary observation, although it may be seen on closer examination ; and this must be determined by the jury. But, if there is any evidence tending to show that the weapon was not concealed, it is error to refuse to charge the jury, on request, that they must acquit the defendant unless they are convinced, from all the evidence, that he did carry it concealed about his person.

FROM the Circuit Court of Geneva.

Tried before the Hon. J. McCALEB WILEY.

The prisoner in this case was indicted for carrying a pistol concealed about his person, and pleaded not guilty to the indictment. On the trial, as the bill of exceptions states, one

Birch was introduced as a witness for the prosecution, who tes-
tified that, on a particular day within the period covered by the
indictment, he walked with the defendant to a spring, where
the defendant knelt down to drink; "that while kneeling
down, his coat-tail fell over behind, and witness saw the end of
a pistol on him, and in his rear ; that when the defendant got
up, his coat fell over the pistol, and witness did not see it any
more ; and that he did not know whether the pistol could have
been seen on the defendant in front at the time, as he did not
look for it." The defendant then introduced one Crutchfield as
a witness, who testified that, on the day mentioned by the
witness Birch, he and the defendant had been hunting hogs
together in the woods ; "that the defendant carried his pistol,
a portion of the day, by the belt at the horn of his saddle, and
had it belted around him the rest of the time, so that the butt-
end could be seen all the time in front of him ; that he saw the
butt-end of the pistol in front of the defendant a short time
before he and Birch started to the spring, but did not see it at
the time they started, because his attention was not called to it
then." This being all the evidence, the defendant asked the
court to give the following instructions in writing to the jury :
" 1. If the jury are not convinced, from all the evidence, that
the defendant did carry the pistol concealed about his person,
then they must find him not guilty, although they might also
believe, from the evidence, that the witness Birch only saw the
pistol while they were at the spring.   2. If the jury believe,
from the evidence, that the pistol could have been seen in front
of the defendant, then he is not guilty, although they may
also believe, from the evidence, that the witness Birch did not
see it while walking by his side to the spring." The court re-
fused both of these charges, and the defendant excepted to
their refusal ; and their refusal is now assigned as error.

W. D. ROBERTS and F. M. WOOD, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — To constitute concealment, it is not
necessary that the weapon may be seen from without, by in-
spection, or examination, more or less close ; it is sufficient if
it is hidden from ordinary observation ; and this must be de-
termined by the jury.   Of course, if the jury are not con-
vinced of its being carried concealed, the defendant must be
acquitted.   One witness testified, that the pistol was strapped
around the defendant's waist, in such manner as to exhibit the
handle of it to persons in front of him.   The court erred in
refusing to charge the jury, as requested, that they must acquit

the defendant, if they were not convinced, from all the evidence, that he did carry the pistol concealed about his person.

　　　　The judgment is reversed, and the cause remanded.