# Farley v. The State.

## *Indictment for Carrying Concealed Weapons.*

1. *General exception to entire charge.*—A general exception to an entire charge, containing several separate and separable clauses, some of which are correct, can not be sustained: the particular clauses, supposed to contain error, should be specifically excepted to.

2. *Carrying concealed weapons; charges on evidence, invading province of jury.*—A charge which assumes, as a fact, that "there is no proof as to whether the witness looked to see whether the defendant had a pistol or not," when the witness had testified that he passed within a few feet of the defendant, while lying on the ground drunk, "but did not examine him," is properly refused; nor could it be affirmed, as matter of law, that unless the witness, while passing by, "looked to see whether the defendant had a pistol or not, there could be no inference that the pistol was then concealed," which another witness saw in his hand a short time previously.

FROM the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

The defendant in this case was indicted for carrying a pistol concealed about his person, and pleaded not guilty to the indictment. On his trial, he reserved a bill of exceptions, in which the evidence adduced, and the rulings of the court now presented for revision, are thus stated: "It was admitted by the defendant, that he bought a pistol in the town of Moulton in said county, on or about April 27th, 1881; and that the venue was correctly charged in the indictment. The State then offered one Cheatham as a witness, who testified, substantially, that during the Spring term of said court, 1881, he passed the defendant lying on the road drunk; that his mule shied as he passed, and went by swiftly, and he saw something sticking out of the defendant's pocket, but could not say whether it was a pistol or bottle; that he did not get off his mule to examine, but went on without further notice, and overtook one McVay about sixty yards from where he passed defendant. The State then introduced said McVay as a witness, who tesfied, that he passed within six or eight feet of the defendant as he lay on the road, just before said Cheatham passed; that he

[Farley v. The State.]

saw no pistol on or about defendant, but did not examine him; and that he went on about three or four hundred yards, where he stopped, and stayed all night with one Woodward. The State then introduced said Woodward as a witness, who testified, that he saw the defendant, soon after said McVay came to his house, pass his house, flourishing his pistol in his hand; and that no one else had passed along said road, after McVay had reached his house, other than the defendant."

"This being, substantially, all the evidence introduced, the court charged the jury, *ex mero motu*, as follows: 'The State must prove, beyond a reasonable doubt, that the defendant carried a pistol concealed about his person, in this county, and within twelve months before the finding of this indictment. The statute is such, as that the pistol is hidden from ordinary observation, and that a casual observer would not discover it. The evidence to establish this offense is reasonably circumstantial; such as, when one walks or rides with another for any distance, or length of time, and sees no pistol about him, and he afterwards draws a pistol from about his person, and exhibits it. If, therefore, the jury believe from the evidence that, when McVay passed the defendant, and he saw no pistol about the defendant, and defendant came along the road shortly afterwards, to the house of said Woodward, exhibiting his pistol; and further, that no one had passed said defendant since McVay and Cheatham passed, then the law would authorize the jury to infer that, when McVay passed the defendant, he had the pistol concealed about his person; and if they believe it was so concealed, and that this occurred in this county, within twelve months before the finding of this indictment, and believe all this beyond a reasonable doubt, then they would be authorized, under the law, to find the defendant guilty; and if they should so find, they should assess his fine at not less than fifty, nor more than five hundred dollars.' The defendant excepted to this charge, and asked the court, in writing, to charge the jury, 'that if McVay, in passing Farley, did not look to see whether he had a pistol or not, and there is no proof as to whether he did look to see whether he had a pistol or not, then there could be no inference that the pistol was concealed when McVay passed by, from Woodward afterwards seeing it.' The court refused this charge, and the defendant excepted to the refusal."

Thos. M. Peters, and W. P. Currwood, for appellant.

H. C. Tompkins, Attorney-General, for the State.

STONE, J.—The general charge to the jury in this cause

[Farley v. The State.]

contains several separate and separable clauses. There was a general exception reserved to the charge, without specifying any particular clause or clauses excepted to. The rule established by this court, in such case, is, that unless the entire charge is faulty, there will not be a reversal, although in some of the separable clauses the primary court may have erred. The party excepting must point out the part of the charge in which error is supposed to have been committed, and make that the subject of his exception. We need not state the reasons on which this rule rests. They have been too often declared to need repetition.—*Elliott v. Stocks*, 67 Ala. 336; *S. & N. Railroad v. McLendon*, 63 Ala. 266. Many parts of the general charge are free from error, while only one clause is here objected to.

The charge asked and refused should not have been given, for more reasons than one. It asked the court to instruct the jury, as fact, that "there is [was] no proof as to whether he [the defendant] had a pistol or not." McVay testified, that he had passed within six or eight feet of defendant, as he lay on the ground, but that he did not examine him. That he did not *examine* him, does not necessarily imply that he did not *look at* him. Nor, if the charge had been stated hypothetically, could it be affirmed, as matter of law, that unless the witness looked " to see whether he had a pistol or not," then " there could be no inference that the pistol was concealed." Such charge requires too strict a measure of proof, and would be an invasion of the province of the jury. Rules of law must be declared by the court, while inferences of fact are for the jury. That a defendant, afterwards seen with a pistol, had previously had it concealed about his person, a jury may be, and often is, convinced beyond a reasonable doubt, although no witness does or can testify that he had looked to see whether he had a pistol or not.—1 Brick. Dig. 338, § 41; *Ib.* 340, § 65; *Carter v. The State*, 33 Ala. 429; *Clark v. Goddard*, 39 Ala. 164; *Ashworth v. The State*, 63 Ala. 120; *Robinson v. Bullock*, 66 Ala. 548.

Affirmed.