# Ramsey *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Charges to be applicable to evidence, and not ignore part.*—Charges to the jury must be interpreted in the light of the testimony before the jury, and should not only be a correct general exposition of the law governing the issue, but should be applicable to the whole evidence; and a charge which ignores the influence of any qualifying testimony, is misleading and faulty.

2. *Carrying pistol concealed in hand.*—An ordinary pistol may be so carried in the hand as to come within the statute against carrying weapons concealed about the person (Code, § 3775), but this would require more concealment than results from simply holding it in the hand; and the true inquiry is, not whether it was in fact seen by the witness, but whether it was discernible by ordinary observation.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

Indictment against Robert C. Ramsey, for carrying a pistol concealed about his person; plea, not guilty. "On the trial," as the bill of exceptions states, "one Ward testified that,

[Ramsey v. The State.]

within the time covered by the indictment, the defendant came to his house early in the morning, and left the yard gate open; that a hog had come into his yard, and gone under the house; that it was daylight, and he saw defendant plainly, being within a few feet of him; that defendant had a walking stick in his right hand, but witness did not notice a pistol or any thing [else] in his left hand, as he was coming up to the house; that he (witness) began to frighten the hog, so as to run it out of the yard, and defendant remarked that he would shoot it; that defendant did shoot at the hog as it came from under the house, and when witness turned around, he saw defendant having a pistol in his hand; that he had not seen the pistol before that time; that he did not see it in defendant's hand, but he might have had it in his hand without witness seeing it; and that defendant carried the pistol away in his hand when he left the house. Defendant then testified that, at the time referred to, he was at his father's house, about four hundred yards from Ward's house, and was informed that his hogs were troubling Ward, and that he must do something for them; that he decided, after some talk, to go down to Ward's and kill the hogs; that he took a pistol from the mantel-piece in his father's house, and went to Ward's house for the purpose of killing the hogs, and carried the pistol all the way in his right hand; that when he got to Ward's house, Ward said something about the hogs being in his yard, and supposing it was one of his (witness') hogs, when it came from under the house, he shot at it; that he had the pistol in his hand all the time he was at Ward's, and all the time he was away from his father's house, and it was not at any time concealed; and that it was a 32-caliber pistol."

"This being all the testimony, the defendant asked the following charges in writing," duly excepting to the refusal of each : (1.) "Holding a pistol in one hand is not carrying it concealed in contemplation of law, though the hand, held in an ordinary way, may cover a portion of the pistol." (2.) "If the jury believe the evidence, they will find the defendant not guilty." The defendant also excepted to a charge given by the court, which is copied in the opinion.

CALDWELL & JOHNSTON, for appellant, cited *Jones v. State*, 51 Ala. 16; *Dooley v. State*, 89 Ala. 90.

WM. L. MARTIN, Attorney-General, for the State.

STONE C. J.—The reporter will insert the substance of the criminating testimony in his statement of facts.

[Ramsey v. The State.]

Charges must be interpreted in the light of the testimony before the jury; and the charges should always be, not only a correct, general exposition of the law governing the issue, but should also be applicable to the evidence—the whole evidence. If it ignore the influence of qualifying testimony, it necessarily misleads the jury, and is faulty.—3 Brick. Dig. 107, §§ 9 to 12, inclusive ; *Fariss v. State*, 85 Ala. 1.

The City Court charged the jury, "that if they believe from the evidence that the defendant carried the pistol, and that it was concealed for ever so short a time, then the defendant would be guilty as charged." Only two persons, Ward, the witness, and the defendant, are shown to have been present when the alleged offense was committed.

It can not be gainsaid, that an ordinary pistol might be so carried in the hand, as to amount to the offense of carrying it concealed about the person. To do so, however, would require more concealment than results from simply holding it in the hand. The true inquiry and test, in such cases, are, was it so carried as not to be discernible by ordinary observation? That it is not in fact seen, may result from want of attention. That is not enough. The proper inquiry was, could it have been so seen by ordinary observation, as to disclose it was a pistol, held or carried as the testimony convinces the jury the real facts were? If it could, then the statute was not violated. *Jones v. State*, 51 Ala. 16, *Street v. State*, 67 Ala. 87 ; *Farley v. State*, 72 Ala. 170.

Under the charge copied above, construed in connection with the testimony, the jury would have felt authorized, if not required, to convict, if, by the position of Ramsey's body, or of his arm, the pistol was, "for ever so short a time," concealed from Ward's view, for he alone appears to have been present. This was not the true test. The City Court erred in giving this charge.

The two charges asked were properly refused.

In what we have said, our aim has been, not to pronounce on the sufficiency of the testimony, but to declare the necessary fact or *status* to authorize conviction. It is for the jury to determine whether the pistol was carried concealed about the person, under the rules we have declared.

Reversed and remanded.