# Smith v. The State.

### Indictment for Carrying Concealed Weapons.

1. *Carrying concealed weapons; concealment; charge.*—If a weapon carried about one's person is open to the ordinary observation of others coming in contact with him in the usual and ordinary associations of life, without inspection or examination for that purpose, it is not concealed about the person within the meaning of the statute against carrying weapons concealed about the person (Code, § 3775), though it might be concealed from the view of those occupying a particular relative position with respect to him. A charge, therefore, which assumes the guilt of the defendant, who was indicted for carrying a pistol concealed about his person, if the pistol was so carried about his person that it was concealed from the view of those occupying a particular relative position with respect to him, though it may have been open to the ordinary observation of those occupying different positions with reference to his person, is erroneous.

APPEAL from the Circuit Court of Winston.

Tried before the Hon. JAMES B. HEAD.

Upon the introduction of all the evidence, the court, in its general charge to the jury, instructed them as follows: "If the pistol was in such a position under defendant's coat that the defendant's coat, by reason of being over it, prevented it being seen by a person on the left front of defendant, and but for his coat the pistol could have been seen by a person on the left front of defendant, then the defendant was guilty, although it was open to the ordinary observation of a person immediately in front of or on the right of defendant." To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the following charge in writing requested by him: "If the jury believe from the evidence that the pistol was in such a position that it was open to the ordinary observation of a person on the right or in front of the defendant when the pistol was under his coat, then they must find the defendant not guilty of a concealment at that time."

COLEMAN & SOWELL, for appellant.

WM. L. MARTIN, Atorney-General, for the State.

THORINGTON, J.—Appellant was indicted and convicted for carrying a pistol concealed about his person in violation of section 3775 of the Code. The only exceptions reserved on the trial are to the general charge given by the court, and the refusal of the court to give the charge asked by appellant.

The facts necessary to a clear understanding of the action of the court in these particulars are as follows: Defendant and one McCullar were passing the former's boarding place, when he went into the house and shortly afterward returned, where McCullar was awaiting him, bringing a pistol in his hand. After the two had proceeded some distance, McCullar walking at the left of the defendant, and the latter carrying the pistol in his hand, they met one McCollum, when defendant "put the pistol under the left side of his coat with his right hand, and held it there a minute or two, and then carried it on in his hand, until, taking it to pieces, he placed all the pieces except the barrel in his pocket." The defendant testified that he placed the pistol under his coat, as above described, with the intention of frightening McCollum "by throwing it up at him," but it does not appear whether he attempted to execute such intention or not. The bill of exceptions further states that the testimony of this witness (defendant) tended to show that the pistol "could be readily seen all the time by a person in front, or to the right of defendant, but that it could not be seen by a person standing to the left front of defendant, by reason of the fact that the coat was over it."

The statute in question, while not impinging upon the constitutional right of every citizen to bear arms in defense of himself and the State, and excepting from its operation one whose life is actually threatened, or, as the case may be, relaxing in his favor the measure of punishment prescribed, is founded on a wise public policy, having for its object the preservation of human life and the public peace by prohibiting a practice evil in its tendencies, and opposed to the peace and good order of society. A lax administration of such a law would place at a disadvantage those who obey its mandate, in favor of those who habitually disregard it, and convert into a snare and delusion what was intended as a measure of protection and safety. The interpretation of such a statute should be such as to leave no room for evasions of its letter or spirit, and this court, in dealing with it, has discountenanced all defenses of that character. The principles it has announced, so far as the same are applicable to this case, are as follows: "To constitute conceal-

ment it is not necessary that the weapon may be seen from without, by inspection, or examination, more or less close; it is sufficient if it is hidden from ordinary observation."—*Jones v. State*, 51 Ala. 16. "To justify the defendant's acquittal it was necessary that the pistol should be so worn or carried as that persons near enough to see it if not hidden could see it with ordinary observation. It was not enough that it could be seen when the defendant took off his coat, or by some accident the skirt of the coat was so displaced as to expose it to view."—*Street v. State*, 67 Ala. 87. "The true inquiry and test in such cases are, was it so carried as not to be discernible by ordinary observation? That it is not in fact seen may result from the want of attention. That is not enough. The proper inquiry was, could it have been so seen by ordinary observation as to disclose it was a pistol, held or carried, as the testimony convinces the jury the real facts were? If it could, then the statute was not violated."—*Ramsey v. State*, 91 Ala. 29.

What is ordinary observation in such cases can not well be defined so as to meet all the varying conditions under which weapons may be carried about the person, but it may be said, generally, that the meaning is, the weapon must be open to the ordinary observation of persons who may come in contact in the usual and ordinary associations of life with one who carries a weapon about his person. If parties approaching a man, carrying a weapon about his person, or passing him on the streets or highways, or thrown with him in ordinary social contact, can see the weapon without inspection or examination for that purpose, and from ordinary observation, then such weapon is not concealed about the person within the meaning of the statute. Whether or not, however, it is so concealed is a question for the jury under all the facts and circumstances of each case.

The charge given by the court lays down a stricter rule than is warranted by the decisions of this court; it assumes the guilt of the defendant if the pistol was so carried about his person that it was concealed from the view of those occupying a particular relative position with respect to him, although it may have been open to the ordinary observation of those occupying different positions with reference to his person; and one of said last named positions, viz., in front of the person carring the weapon, is that from which it would most probably be open to ordinary observation, if carried in the mode that pistols not intended to be concealed are usually and ordinarily carried about the person. The charge requested by defendant conformed to the prin-

ciples herein announced. The Circuit Court erred in the charge given, and in the refusal of the charge requested by the defendant, and for these errors its judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.