[Dean v. The State.]

# Dean *v.* The State.

### *Indictment for Carrying a Concealed Pistol.*

1. *Evidence; concealed pistol.*—On a trial for carrying a pistol concealed about the person, evidence is admissible that witness saw a pistol in defendant's hip-pocket a few minutes before the act with which he is charged.

2. *Irrelevant evidence; "going to raise hell."*—On a trial for carrying a concealed weapon, evidence is inadmissible that the defendant, a short time before the discovery of a pistol on his person, said he was "going to raise hell" that night.

From the City Court of Montgomery.

Tried before the Hon. Thomas M. Arrington.

Abe Dean was convicted of carrying a pistol concealed on his person.

On the trial the State introduced one Adam Ellis as a witness, who testified that one afternoon in the latter part of September, 1892, at half-past 7 o'clock, Abe Dean was in witness's back yard, and that, upon their having some angry words, the defendant drew his pistol from his hip pocket, which had hitherto been concealed. Simon Nelson, another witness for the State, testified that on the same night, and a few minutes before this occurrence and dispute with Adam Ellis, the defendant was at his house, and that while there he brushed his coat aside, and disclosed a pistol in the hip pocket. The defendant objected to the testimony of Simon Nelson, and moved to exclude the same, and duly excepted to the court's overruling his objection. This witness further testified that the defendant said "he was going to raise hell on the hill that night." The defendant objected to this evidence, and moved to exclude the same from the jury. The court overruled this objection and motion, and the defendant duly excepted. Four witnesses testified for the defendant that they were with the defendant on the night in question, and at the time spoken of, and that he did not have a pistol at all that night.

Jno. W. A. Sanford, Jr., for appellant, cited *Ingram v. The State*, 39 Ala. 247; *McDonald v. The State*, 83 Ala. 46.

Wm. L. Martin, Attorney-General for the State.

[Sellers v. The State.]

McCLELLAN, J.—The offense of carrying a weapon concealed about the person being continuous in its nature, the trial court did not err in allowing the State to prove by the witness Simon Nelson that a few minutes before the time at which Adam Ellis saw the defendant draw a pistol from his hip pocket which had theretofore been concealed, and at a different place, he Nelson, had seen a pistol on defendant's person when the latter's coat had been casually brushed aside.—*Etress v. The State*, 88 Ala. 191; *Smith v. State*, 79 Ala. 257; *Ladd v. State*, 92 Ala. 58.

The further testimony of this witness, Simon Nelson, to the effect that the defendant then said, "He was going to raise hell on the hill that night" ought, in our opinion, to have been excluded. We are unable to say that a man's purpose to raise hell "on the hill" or elsewhere, affords any ground for a legitimate inference on the part of the jury that, even shortly before the time for the beginning of the proposed disturbance, he had a pistol concealed about his person. A contrary conclusion would have to be rested on the presumption that all men when intending to raise a disturbance, or to "raise hell," whatever that may mean, arm themselves with deadly weapons which they carry concealed. We do not think such a presumption can be indulged. The evidence was irrelevant, and should have been excluded. For the error committed by the trial court in refusing to exclude it, the judgment must be reversed.

The cause is remanded.