[Driggers v. The State]

# Driggers v. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Sufficiency of judgment of conviction.*—In a criminal case, a judgment entry which, after reciting the return by the jury of a verdict of guilty as charged in the indictment, in which there was assessed a fine, then reads "and the defendant not paying the fine and costs in this case or confessing judgment for the same, it is ordered by the court that in lieu of the fine not being paid, that the defendant * * * be taken from the bar of this court to the county jail in Wilcox county there to be detained * * * until called for by the person having charge of the Wilcox county convicts sentenced to hard labor, and that he perform hard labor for Wilcox county for and during" a certain fixed period "as punishment for this offense," is a sufficient judgment of conviction, though it omits to expressly adjudge the defendant's guilt; the judgment sentencing the defendant sufficiently implying the adjudgment of guilt.

2. *Carrying concealed weapons; what constitutes ordinary observation.*—The offense of carrying a weapon concealed about the person, as condemned by the statute, is committed if any one carries a pistol about his person under such condition that it is hidden from the view of others coming in contact with him, in the usual and ordinary associations of life.

3. *Same; charge to the jury.*—On a trial under an indictment for carrying a pistol concealed about the person, where there is an entire absence of evidence to show that the pistol carried by the defendant could have been seen by a person standing behind him by an inspection of his person for that purpose and from ordinary observation, a charge which predicates the defendant's acquittal upon the existence of such facts is abstract and properly refused.

APPEAL from the County Court of Wilcox.

Tried before the Hon. JAMES T. BECK.

The appellant was indicted, tried and convicted for carrying a pistol concealed about his person.

On the trial of the cause Ed Bailey, witness for State,

testified that in March, 1897, in Pine Apple Beat, in Wilcox county, he had a difficulty with defendant's half brother; that shortly afterwards, the defendant and twenty-six other persons came up toward him at the place of difficulty; that defendant at the time was in his shirt sleeves and had the fingers of his right hand in his right side pants pocket in front; that his hand was partly in his pocket and he did not see his pistol until the defendant drew it from said pocket with his hand; that defendant was on side of witness when he raised his hand from his pocket with the pistol and that he was looking at defendant when he raised his hand, but could not see the pistol until he pulled it out, and defendant kept his hand partly in his pocket until the pistol was pulled out; that he could not and would not swear that the pistol was hid or concealed, at that or any other time, from the ordinary observation of a person standing behind the defendant; that he could not see pistol in front; don't know whether it could have been seen before drawn by one behind him or not.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked:   (1.) "The court charges the jury that if they do not believe beyond a reasonable doubt from the evidence that the pistol was concealed from ordinary observation from any person standing on defendant's side or standing behind defendant, then they must find the defendant not guilty."   (2.) "The court charges the jury that if the evidence does not show beyond a reasonable doubt that the pistol was concealed so it could not have been seen from the side, and could not have been seen from behind defendant, then they must find the defendant not guilty."   (3.) "The court charges the jury that if the State did not prove beyond a reasonable doubt that the pistol was concealed on the person of defendant, so it could not be seen from ordinary observation of a person on the side or behind the defendant, they must find the defendant not guilty."

The judgment entry, after reciting that the defendant pleaded not guilty and the return of a verdict by the jury of guilty as charged in the indictment, in which

there was assessed a fine of one hundred dollars, then recites: "And the defendant not paying the fine and costs in this case, or confessing judgment for the same, it is ordered by the court, that in lieu of the fine not being paid, that the defendant, Ed Driggers, be taken from the bar of this court to the county jail of Wilcox county, there to be detained by the sheriff of Wilcox county, in his custody, until called for by the person having charge of the Wilcox county convicts sentenced to hard labor; and that he perform hard labor for Wilcox county for and during the period of thirty days, as a punishment of this offense," &c.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The judgment set forth in the record in this case is not sufficient.—*Ray v. State,* 122 Ala. 659; *Ayers v. State,* 71 Ala. 11; *Nichols v. State,* 100 Ala. 23; *Bell v. Otts,* 101 Ala. 186.

The charges requested by the defendant were properly refused.—*Floyd v. State,* 82 Ala. 16; *Skelton v. State,* 78 Ala. 35; *Ramsey v. State,* 91 Ala. 31; *Bostick v. State,* 94 Ala. 45.

TYSON, J.—The judgment entry in all criminal cases where there is conviction should recite in express words that the defendant is adjudged guilty by the court as found by the jury. There should always be the judgment of the court upon his guilt. In many cases, the judgment entries in this respect are faulty and more attention should be paid by the clerks and judges of *nisi prius* courts to this important feature. The essential requisites which such judgment entries should contain have been so often pointed out and suggested by this court it would seem that every clerk and judge in the State would know what they are. And it would seem that a compliance with these suggestions is a matter so simple, that all errors in this respect could easily be avoided. Besides it is a matter of too much importance and a duty too clearly imposed by law that the mistake should so frequently occur. It can be accounted for

[Driggers v. The State]

upon no other theory than that the clerk who writes the minute entry is either incompetent or very careless in the discharge of his duties, and the presiding judge fails to read or have the minutes read as he is required by the statute to do.

In the case before us, the language employed in the minute entry is barely sufficient to uphold the conviction, but under the liberal construction given to words of similar import in the case of *Wilkinson v. The State,* 106 Ala. 28, we hold that enough is expressed to show that the judgment of the court was invoked and pronounced upon the guilt of the defendant.

What is ordinary observation in cases involving the carrying of a pistol concealed about the person cannot be very well defined to meet all the varying conditions under which a pistol may be carried, but it may be said generally that the meaning is, the pistol must be open to the ordinary observation of persons who may come in contact with the person carrying it in the usual and ordinary associations of life. If a person with a pistol on his person approach another or pass him on the street or public highway, or is otherwise thrown with the other in ordinary social contact, has the pistol on his person so that it may be seen without inspection or examination of his person for that purpose and from ordinary observation as persons usually observe each other, then the pistol is not concealed within the meaning of the statute. On the other hand, if the pistol is carried on the person under such conditions that it is hidden from view from the observation of persons coming in contact with the person carrying it, casually observing his person, this is a concealment and in violation of the statute.—*Ramsey v. State,* 91 Ala. 29; *Smith v. State,* 96 Ala. 68.

Charges 1, 2, and 3 requested by the defendant tested by these principles in view of the evidence in the case were not only abstract, as having no tendency of the evidence to support one fact assumed in each of them, but were misleading.

It may or may not have been true that the pistol carried by the defendant could have been seen by a person standing behind him by an inspection of his person for

[Amos v. The State.]

that purpose or from ordinary observation. But whether either of these propositions were true, the evidence failed to inform the jury; and the charges, if given, would have required the jury to speculate as to the truth or falsity of this fact hypothesized in each of them. Besides, if the pistol was in the defendant's "right side pants pocket in front," it was of course concealed by his body from the view of any one standing behind him, whether he made a close inspection of his person or casually observed him.

There was no error in refusing each of the charges requested.

Judgment affirmed.