# Hainey v. The State.

*Carrying Concealed Weapon.*

(Decided June 30th, 1906. 41 So. Rep. 968.)

1. *Carrying Concealed Weapon; Jury Question.*—Whether the pistol was carried in such manner as not to be discernible by ordinary observation is a question for the jury.

2. *Same; Evidence; Admissibility.*—It was error to admit evidence

[Hainey v. The State.]

that defendant was drunk at the time it was alleged he car-
ried a concealed pistol.

3. *Same.*—It was inadmissible to show that the accused was a
brother of a person whom the officers were seeking to arrest for
drunkenness at the time the accused is alleged to have carried
the concealed weapon.

4. *Criminal Law; Instruction; Repetition.*—It is not error to re-
fuse instruction covered by those given in writing at the re-
quest of defendant.

APPEAL from Jackson.Circuit Court.

Heard before HON. W. W. HARALSON.

The state was permitted to prove, over the objection
of defendant, that at the time of the carrying, the de-
fendant was drunk or under the influence of whiskey.
The state was also allowed to prove that Sam Hainey
and the defendant were brothers, and that Sam Hainey
was drunk also, and that the defendant stopped the mar-
shal and his assistant while in the discharge of their
duty in carrying Sam Hainey, under arrest, to town.

LAWRENCE E. BROWN, for appellant.—The court im-
properly permitted proof that the defendant was under
the influence of liquor, or drunk at the time of the al-
leged carrying.—*Gainey v. State,* 141 Ala. 74; *Barney
v. State,* 69 Ala. 233. The court also erred in permitting
testimony as to the condition of defendant's brother.—
Authorities supra; *Wisdon v. State,* 8 Port 511; *Camp-
bell v. State,* 23 Ala. 69. The court erred in refusing
charge 1.—*Smith v. State,* 96 Ala. 66; *Ramsey v. State,*
91 Ala. 31; *Perry v. State,* 78 Ala. 22; *Sullivan v. State,*
68 Ala. 525.

MASSEY WILSON, Attorney General, for State.—Under
the evidence the jury could come to no other conclusion,
except the guilt of the defendant, and as the defendant
received the lowest term, it is evident that the admission
of the testimony objected to was not prejudicial to the
defendant; besides, the specific grounds of objection did
not reach the error in the admission of the evidence.—
*Ellis v. State,* 105 Ala. 76. The request to give the

[Hainey v. The State.]

charges were general.—*Yeates v. State,* 38 So. 760. Charge 1 was misleading.—*Driggers v. State,* 123 Ala. 46.

DENSON, J.—The defendant was convicted for carrying a pistol concealed about his person.

The defendant offered no evidence, and the point in the case on its merits was whether the pistol, which the testimony showed the defendant had, was carried in such manner as not to be discernable by ordinary observation; and this was a jury question.—*Smith's Case,* 96 Ala. 66, 11 South. 71; *Ramsey's Case,* 91 Ala. 29, 8 South. 568; *Drigger's Case,* 123 Ala. 426, 26 South. 512.

Evidence that the defendant was drunk at the time the state's witness testified he saw him with the pistol, was not an issuable fact in the case, and was patently immaterial. Its only tendency was to unduly prejudice the jury against the defendant. The court erred in admitting it.—*Dean's Case,* 98 Ala. 71, 13 South. 318; *Gainey's Case,* 141 Ala. 74, 37 South. 355. We cannot say that the admission of the evidence was not injurious to the defendant's case, as has been suggested by the attorney general in his brief. What the state's witness was doing at the time he saw the defendant with the pistol may have been competent as tending to show that he was, or was not, in a position to see the defendant and the pistol, and the court properly overruled the objection calling for such evidence. But the witness's answer was not entirely responsive to the question, and those parts of it that defendant moved to exclude should have been excluded.

Nor have we been able to discover the materiality of the evidence of the relationship between Dick and Sam Hainey. Neither was examined as a witness, and whether they were brothers or otherwise related, or not related at all, had no tendency to elucidate any issue in the case.

The defendant had the benefit of charges 1 and 4 refused to him in other charges given at his request.

For the errors pointed out, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and SIMPSON, JJ., concur.