[Thames v. The State.]

# Thames v. The State.

## Habeas Corpus.

(Decided February 2, 1915.   Rehearing denied April 6, 1915.
68 South. 474.)

1. *Judgment; Sentence; Sufficiency.*—A judgment of guilt is implied from a verdict and a sentence in accordance with the verdict, and it is not necessary to enter up a formal judgment of guilt.

2. *Convicts; Contract; Hiring; Authority of Commissioners Court.*—Under section 3311, Code 1907, the hiring out of convicts is a special duty imposed upon the Commissioners Courts, and it may be done at a special term of the court.

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Joe F. Thames petitioned for his discharge from custody, on habeas corpus, and from an order denying the writ, he appeals.   Affirmed and petitioner remanded to custody.

J. A. CARNLEY, for petitioner and appellant.   It is a well known rule that a mere recital of the verdict of guilt and a confession of judgment is not sufficient. There must be a judgment of guilt.—*Thomason v. The State,* 70 Ala. 20; *Robinson v. The State,* 123 Ala. 103; *Ayers v. The State,* 71 Ala. 11; *Moss v. The State,* 140 Ala. 199; *Palmer v. The Stae,* 168 Ala. 126.

WILLIAM L. MARTIN, Attorney General and THOMAS H. SEAY, Assistant Attorney General, for the State. There was a verdict of guilt and a sentence in accordance therewith, and hence a judgment of guilt will be implied.

THOMAS, J.—The appellant prosecutes this appeal from the order of the judge of the lower court, denying

him, as petitioner, a discharge on habeas corpus from confinement by the Horseshoe Lumber Company (the hirers of the county convicts) at hard labor for the county under sentence from the circuit court of the county on conviction for crime. He predicates his contention that he is illegally restrained and is entitled to a discharge upon two propositions, to wit: First, that the supposed judgment of conviction under which he is held is not in fact a judgment, and consequently furnishes no authority for his detention; second, that the contract between the county and the Horseshoe Lumber Company, whereby the latter undertook to hire from the former the county convicts, is void, and that therefore the county was without warrant in law for turning petitioner over to said company for hard labor and confinement, even if a valid judgment of conviction had been rendered against him in the first instance.

The basis for the first contention—that is, that there was no judgment authorizing the detention—was the failure of the trial court, upon the return by the jury of a verdict of guilty against appellant of the crime for which he was sentenced, to enter up a formal adjudication of guilt. This is not necessary when there is, as here, a sentence in compliance with the verdict of guilty, since from the sentence a judgment of guilt or conviction is implied.—*Driggers v. State,* 123 Ala. 46, 26 South. 512; *Shirley v. State,* 144 Ala. 35, 40 South. 269; *Stanfield v. State,* 3 Ala. App. 54, 57 South. 402; *Walker v. State, infra,* 67 South. 719; *Palmer v. State,* 168 Ala. 126, 53 South. 283, and cases cited.

The second contention—that is, that the contract of hire between the county and the Horseshoe Lumber Company under which appellant is held is void—is founded upon the fact that the contract was authorized at a special, and not at a regular, session of the com-

missioners' court of the county. In support of the contention, we are cited to the case of *Wightman v. Karsner*, 20 Ala. 446, where it was held that the commissioners' court of a county has no power to hold special terms, except in cases expressly authorized by law, and that all orders—for instance, one auditing and approving an account against the county—are coram non judice and void.

Since this decision, section 3311 of the Code was enacted, providing that "in cases where officers are to be appointed, or vacancies supplied, *or any other special duty required by law to be performed,* a special term must be held"; and we are of opinion that the hiring out or disposition of the county convicts, which is a duty imposed by law upon such court (Code 1907, vol. 3, p. 422), is in its nature such as to be a special duty within the contemplation and meaning of the statute.

It follows that the lower court did not err in denying the petitioner a discharge, and it is hereby ordered that its judgment be affirmed, and that the prisoner be and is remanded to the custody of the proper authorities for the serving out of his sentence.