929 So.2d 992 (2005)
Ex parte David EASON.
(In re David Eason
v.
State of Alabama).
1041225.
Supreme Court of Alabama.
November 18, 2005.
Thomas M. Goggans, Montgomery, for petitioner.
Troy King, atty. gen., and Nancy M. Kirby, deputy atty. gen., for respondent.
PER CURIAM.
David Eason pleaded guilty to first-degree theft of property, a violation of § 13A-8-3, Ala.Code 1975. At the time of the guilty-plea colloquy, the trial court found Eason guilty of first-degree theft, but withheld formal adjudication to allow Eason to apply for a pretrial diversion program. After Eason's application for pretrial diversion was denied, the trial court sentenced Eason to five years' imprisonment. Before sentencing Eason, the trial court did not formally pronounce him guilty of first-degree theft or enter a judgment of guilt.
Eason moved the trial court to set aside the judgment of guilt entered pursuant to his guilty plea, arguing that his guilty plea *993 was not knowingly and voluntarily entered. The trial court denied that motion, and Eason appealed. In his brief to the Court of Criminal Appeals, Eason argued that the Court of Criminal Appeals should dismiss the appeal because the trial court did not formally adjudicate him guilty by expressly pronouncing and entering a judgment of guilt, pursuant to Rule 26.2, Ala. R.Crim. P., and that, therefore, the Court of Criminal Appeals did not have jurisdiction over the appeal. The Court of Criminal Appeals, in an unpublished memorandum, held that when the trial court informed Eason of the range of possible punishment associated with his guilty plea and sentenced Eason in accordance with his guilty plea, the trial court entered an implied judgment of guilt and that the judgment was appealable; therefore, the Court of Criminal Appeals concluded that it had jurisdiction over the appeal and addressed the merits of Eason's appeal. Eason v. State (No. CR-03-1900, April 15, 2005), 926 So.2d 1081 (Ala.Crim.App.2005) (table). We granted Eason's petition for a writ of certiorari to determine whether a trial court is required to enter a formal adjudication of guilt before an appeal may be taken.

Standard of Review
"`This Court reviews pure questions of law in criminal cases de novo.'" Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004)(quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

Discussion
Eason contends that the Court of Criminal Appeals did not have jurisdiction to consider his appeal because, he says, he was never formally adjudicated guilty of first-degree theft.
Section 12-22-130, Ala.Code 1975, gives a defendant in a criminal case the right to appeal; that Code section provides:
"A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."
"Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt." Thornton v. State, 390 So.2d 1093, 1096 (Ala. Crim.App.1980).
Here, the State does not refute Eason's contention that the trial court did not expressly adjudicate him guilty of first-degree theft. Instead, the State agrees with the Court of Criminal Appeals that the trial court implicitly adjudicated Eason guilty and that this implied adjudication is a judgment sufficient to support an appeal.
Rule 26.1, Ala. R.Crim. P., defines "judgment" and "determination of guilt" as follows:
"`Judgment' means the adjudication of the court based upon a plea of guilty by the defendant, upon the verdict of the jury, or upon its own finding following a nonjury trial, that the defendant is guilty or not guilty."
"`Determination of guilt' means a verdict of guilty by a jury, a finding of guilty by a court following a nonjury trial, or the acceptance by the court of a plea of guilty."
Rule 26.2(b)(1), Ala. R.Crim. P., states:
"Upon a determination of guilt on any charge, or on any count of any charge, judgment pertaining to that count or to that charge shall be pronounced and entered together with the sentence. Pronouncement of judgment may be delayed *994 if necessary until such time as sentence can be pronounced."
Rule 26.9(a), Ala. R.Crim. P., provides: "Judgment shall be pronounced in open court. A judgment of conviction shall set forth the plea, the verdict, the findings, if any, and the adjudication."
The Committee Comments to Rule 26.1 state:
"There is no absolute requirement in Alabama that the court enter a formal adjudication of guilty upon the record where the sentence is in compliance with a verdict of guilty, the reasoning being that a judgment of guilt is implied from the sentence. Thames v. State, 12 Ala. App. 307, 68 So. 474 (1915); Shirley v. State, 144 Ala. 35, 40 So. 269 (1906); Driggers v. State, 123 Ala. 46, 26 So. 512 (1898). A formal adjudication of guilt is required for the smooth operation of the rule. This is in keeping with dictum in Driggers that, `[t]he judgment entry in all criminal cases where there is a conviction should recite in express words that the defendant is adjudged guilty by the court as found by the jury. There should always be the judgment of the court upon his guilt.' 123 Ala. 46, at 48, 26 So. 512, at 513."
It appears the Standing Committee on the Alabama Rules of Criminal Procedure, although acknowledging precedent establishing that a judgment of guilt might be implied from a responsively entered sentence, decided that the dictum in Driggers v. State, 123 Ala. 46, 26 So. 512 (1898), should be deemed to trump that precedent so as to require a judgment entry in all criminal cases formally and expressly adjudicating a defendant's guilt.
In Driggers, the Court, after lamenting the slipshod judgment entries it was encountering in many cases, nonetheless found sufficient a judgment entry, which, after reciting the return of a guilty verdict by the jury and assessing a $100 fine, continued to note simply that the defendant, having failed to pay the fine and costs, was ordered to be confined in the county jail until retrieved to "perform hard labor for [the] county for and during the period of thirty days as punishment for this offense." 123 Ala. at 48, 26 So. at 513. The Driggers Court determined:
"In the case before us the language employed in the minute entry is barely sufficient to uphold the conviction, but under the liberal construction given to words of similar import in the case of Wilkinson v. The State, 106 Ala. 23, [17 So. 458 (1894),] we hold that enough is expressed to show that the judgment of the court was invoked and pronounced upon the guilt of the defendant."
123 Ala. at 49, 26 So. at 513.
In Wilkinson v. State, 106 Ala. 23, 17 So. 458 (1894), in turn, the initial judgment entry, after reciting that the defendant had been found guilty of first-degree murder, continued "`it is, therefore, considered, and is so adjudged, that you be confined in a penitentiary of the State for life,' etc." 106 Ala. at 28, 17 So. at 459. The Court declared that "[t]his was sufficient, without more." Id. The Court referenced, however, an earlier case as containing "very full directions in respect to sentences to be pronounced in criminal cases" and noted that the trial court in the case before it,
"no doubt, out of an abundance of caution, two days after pronouncing judgment and during the term, amended the judgment entry of the sentence, by adding after the words, `that you,' and before the succeeding words, `be confined,' etc., the additional words, `are guilty of murder in the first degree, and it is further considered and adjudged that you.' The omission of these words in the beginning, did not render the sentence *995 insufficient or void, but it would have been fuller and more complete, if they had first appeared therein."
106 Ala. at 28, 17 So. at 459.
Subsequent to Driggers this Court and the Court of Criminal Appeals on a number of occasions reaffirmed the proposition that a judgment by the court imposing sentence in accordance with a guilty verdict or a guilty plea sufficiently implies the judgment of guilt and serves as a judgment of conviction that will support an appeal. Shirley v. State, 144 Ala. 35, 40 So. 269 (1906); Thames v. State, 12 Ala. App. 307, 68 So. 474 (1915) (citing Driggers, among other cases, as authority for the proposition that even though the trial court had failed to enter a formal adjudication of guilt upon return by the jury of a verdict of guilty, "[t]his is not necessary when there is, as here, a sentence in compliance with the verdict of guilty, since from the sentence a judgment of guilt or conviction is implied." 12 Ala.App. at 308, 68 So. at 475); Carmichael v. State, 213 Ala. 264, 104 So. 638 (1925); Elliott v. State, 283 Ala. 67, 68, 214 So.2d 420, 421 (1968)("Even though no formal judgment of guilt appears on the minutes, there appears a sentence by the trial court in compliance with the verdict of guilt. It follows that an implied judgment of guilt results, which will support an appeal."); and McCray v. State, 46 Ala.App. 588, 589, 246 So.2d 475, 476 (Crim.1971)("If no formal adjudication of guilt appears, but sentence is imposed by the court in accordance with the verdict, there is an implied judgment of guilt which will support an appeal."). We find no reason to abandon this precedent.
As noted earlier, Rule 26.1(a)(1), Ala. R.Crim. P., defines "judgment" as "the adjudication of the court ... that the defendant is guilty or not guilty." Although the Alabama Rules of Criminal Procedure do not undertake to define "adjudication," we may consider, by analogy, Rule 58(b), Ala. R. Civ. P., which provides: "A judgment or order, or the minute entry thereof, need not be phrased in formal language nor bear particular words of adjudication. The judgment or order, or the minute entry thereof, will be sufficient if it ... indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication." (Emphasis supplied.) See also Hayden v. Harris, 437 So.2d 1283 (Ala.1983).
Because a judgment of conviction does not have to be phrased in formal language or include particular words of adjudication, we hold that if the record is clear that the trial court intended to adjudicate a defendant guilty and the sentence order necessarily involves the substance of the adjudication, then a judgment of conviction has been entered and the defendant may appeal.
Considering the whole record in this case, it is clear that the trial court intended to adjudicate Eason guilty in response to his guilty plea, and the sentencing order necessarily involved the substance of the adjudication. The record establishes that after the trial court found that Eason had entered his plea voluntarily and knowingly, the trial court accepted the plea and found him guilty of first-degree theft of property. Several months later, the trial court sentenced Eason in accordance with the range of punishment for a conviction of first-degree theft of property, a Class B felony. The record unequivocally establishes that Eason was aware that he was being sentenced for a conviction of first-degree theft of property. The record also establishes that the trial judge believed he had adjudicated Eason guilty of theft of property, that he entered the proper sentence, and that the conviction and sentence were ready for appeal. The trial court's determination *996 of guilt and the entry of the sentence adequately establishes that the trial court adjudicated Eason guilty and that the conviction and sentence were ripe for appeal.

Conclusion
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
NABERS, C.J., and SEE, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
LYONS and WOODALL, JJ., dissent.
LYONS, Justice (dissenting).
I must respectfully dissent.
The Committee Comments to Rule 26.1, Ala. R.Crim. P., state:
"There is no absolute requirement in Alabama that the court enter a formal adjudication of guilty upon the record where the sentence is in compliance with a verdict of guilty, the reasoning being that a judgment of guilt is implied from the sentence. Thames v. State, 12 Ala. App. 307, 68 So. 474 (1915); Shirley v. State, 144 Ala. 35, 40 So. 269 (1906); Driggers v. State, 123 Ala. 46, 26 So. 512 (1898). A formal adjudication of guilt is required for the smooth operation of the rule. This is in keeping with dictum in Driggers that, `[t]he judgment entry in all criminal cases where there is a conviction should recite in express words that the defendant is adjudged guilty by the court as found by the jury. There should always be the judgment of the court upon his guilt.' 123 Ala. 46, at 48, 26 So. 512, at 513."
(Emphasis added.) Obviously, the portion of the Committee Comments noting the absence of a requirement of a formal adjudication addressed the state of the law in Alabama before the promulgation of the Alabama Rules of Criminal Procedure. Neither the State nor the majority opinion cites any cases from this Court, decided after the Alabama Rules of Criminal Procedure took effect in 1991, recognizing an implied adjudication of guilt, and my research has revealed none. Rather, the majority considers persuasive language contained in Rule 58(b), Ala. R. Civ. P. ("A judgment or order, or the minute entry thereof, need not be phrased in formal language nor bear particular words of adjudication."). One searches in vain for a similar embrace of laxity in the Alabama Rules of Criminal Procedure or the Committee Comments to those rules. On the contrary, Rule 26.2(b)(1), Ala. R.Crim. P., provides: "Upon a determination of guilt on any charge, or on any count of any charge, judgment pertaining to that count or to that charge shall be pronounced and entered together with the sentence." (Emphasis added.)
In light of the foregoing explicit language, I would hold that, in order for an appellate court to exercise jurisdiction over an appeal in a criminal proceeding to which the Alabama Rules of Criminal Procedure applied at the time of sentencing, there must have been a formal adjudication of guilt. I express no opinion on the question of whether out-of-state convictions based on implied adjudications are "convictions" for any purpose. See, generally, Morgan v. State, 733 So.2d 940 (Ala. Crim.App.1999) (overruling Hurth v. State, 688 So.2d 275 (Ala.Crim.App.1995)).
WOODALL, J., concurs.