Rel: February 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

───────────────────────

### CR-2024-0115

───────────────────────

**Antonio Deon Reed**

**v.**

**State of Alabama**

**Appeal from Jefferson Circuit Court**
**(CC-09-1090.65)**

MINOR, Judge.

Almost 15 years ago, Antonio Deon Reed pleaded guilty to capital murder and was sentenced to life imprisonment without the possibility of parole. Today, we consider Reed's claim that the Jefferson Circuit Court erred in summarily dismissing his petition for postconviction relief

under Rule 32, Ala. R. Crim. P., in which he challenged his 2010 conviction and sentence. We hold that the circuit court properly dismissed Reed's petition. We thus affirm.

FACTS AND PROCEDURAL HISTORY

In January 2008, Reed broke into 85-year-old Grace Garner's home in Birmingham and beat her to death. Reed's DNA was found at the scene, and he confessed to the crime. Reed pleaded guilty in April 2010 to murder made capital because it was committed during the commission of a burglary, see § 13A-5-40(a)(4), Ala. Code 1975. Under § 13A-5-42, Ala. Code 1975, a jury found Reed guilty of capital murder, and the circuit court sentenced Reed to life imprisonment without the possibility of parole.

Reed appealed his sentence, arguing that it violated the Eighth Amendment to the United States Constitution. This Court affirmed the circuit court's judgment, without an opinion. Reed v. State (No. CR-09-1264), 92 So. 3d 817 (Ala. Crim. App. 2010) (table). Reed has since filed several Rule 32 petitions.[1] See Nettles v. State, 731 So. 2d 626, 629 (Ala.

---

[1]This Court's decisions affirming the circuit court's judgments on those petitions include Reed v. State (No. CR-11-0025), 130 So. 3d 588 (Ala. Crim. App. 2012) (table) (first petition); Reed v. State (No. CR-12-

2

Crim. App. 1998) (noting that "this Court may take judicial notice of its own records" (citing Hull v. State, 607 So. 2d 369, 371 n.1 (Ala. Crim. App. 1992))).

Reed filed this petition in September 2023.[2] (C. 36.) In the petition, Reed asserted (1) that the circuit court had lacked jurisdiction in the capital-murder case because, he said, he was incompetent when he pleaded guilty; (2) that the circuit court had lacked jurisdiction because, he said, the court did not enter an adjudication of guilt after the entry of the jury's verdict; (3) that the evidence had been insufficient; and (4) that the indictment had not charged an offense because, he said, the

---

0663), 161 So. 3d 1239 (Ala. Crim. App. 2013) (table) (second petition); and Reed v. State (No. CR-16-0296), 246 So. 3d 1005 (Ala. Crim. App. 2017) (table) (fourth petition).

The State asserts in its brief that in 2013 Reed filed a third Rule 32 petition, designated as circuit-court case no. CC-09-1090.62, and that Reed did not appeal from the circuit court's judgment summarily dismissing that petition.

We note that the underlying petition, designated as circuit-court case no. CC-09-1090.65, indicates that Reed may have filed a petition designated as circuit-court case no. CC-09-1090.64. Thus, this petition appears to be Reed's fifth or sixth petition.

[2]The circuit court granted in part Reed's request to proceed in forma pauperis, requiring Reed to pay half the filing fee. (C. 24.) Reed paid the required portion of the filing fee. (C. 10.)

3

indictment included "two or more distinct offenses in a single count." (C. 44-54.)

Before the State responded, the circuit court summarily dismissed the petition. Reed moved to alter, amend, or vacate the judgment. (C. 89.) That motion was denied by operation of law. Matthews v. State, 363 So. 3d 1028, 1031 (Ala. Crim. App. 2021). Reed timely appealed. (C. 17.)

STANDARD OF REVIEW

Rule 32.7(d), Ala. R. Crim. P., permits a circuit court to summarily dismiss a Rule 32 petition if the claims in the petition are insufficiently pleaded, precluded, or without merit. This Court reviews a circuit court's summary dismissal of a Rule 32 petition for an abuse of discretion. Lee v. State, 44 So. 3d 1145, 1149 (Ala. Crim. App. 2009). Under most circumstances, "we may affirm a ruling if it is correct for any reason." Bush v. State, 92 So. 3d 121, 134 (Ala. Crim. App. 2009).

DISCUSSION

On appeal, Reed reiterates the claims he asserted in his petition.

In claim (1), Reed asserted that the circuit court had lacked jurisdiction in the capital-murder case because, he said, he was incompetent when he pleaded guilty. See P.R.M. v. State, 286 So. 3d 72,

4

74 (Ala. Crim. App. 2019) ("It is well settled that '[t]rial of a person who is incompetent violates the due process guarantees,' Ex parte Janezic, 723 So. 2d 725, 728 (Ala. 1997), and a claim that a Rule 32 petitioner 'was tried and convicted while he was mentally incompetent' is a substantive due-process claim that is jurisdictional and not subject to the preclusions in Rule 32. Nicks v. State, 783 So. 2d 895, 908 (Ala. Crim. App. 1999)."). Although Reed tried to assert a jurisdictional claim, Reed did not sufficiently plead the claim. Reed cited the conclusion of Dr. Glenn King, who had performed a court-ordered evaluation of Reed and had found him competent at the time of the offense and competent to be tried, that Reed "was malingering the presence of mental illness and mental defect." (C. 63.) Reed also asserted that the circuit court had ordered an evaluation of him "apparently from Reed's history of mental problems since childhood, his 5th grade education, and other information learned from witnesses and Reed's current condition." (C. 45.)

In P.R.M., supra, this Court stated:

"P.R.M. pleaded no facts in his petition regarding his mental state at the time of his pleas. 'A defendant is mentally incompetent to stand trial or to be sentenced for an offense if that defendant lacks sufficient present ability to assist in his or her defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal

5

proceedings against the defendant.' Rule 11.1, Ala. R. Crim. P. P.R.M. made only a bare allegation in his petition that he was incompetent to stand trial without alleging any facts indicating that, at the time of his pleas, he lacked the ability to assist in his defense by consulting with his counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against him. Rule 32.3, Ala. R. Crim. P., states that '[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' Rule 32.6(b), Ala. R. Crim. P., states that '[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.' As this Court noted in Boyd v. State, 913 So. 2d 1113 (Ala. Crim. App. 2003):

> "'"Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief." Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a conclusion "which, if true, entitle[s] the petitioner to relief." Lancaster v. State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts.'

"913 So. 2d at 1125. Because P.R.M. pleaded only a conclusion with no facts in support, he failed to satisfy his burden of pleading that he was, in fact, incompetent at the time he entered his guilty pleas."

6

286 So. 3d at 75.

Dr. King's conclusion that Reed was faking mental illness does not show that Reed was incompetent when he pleaded guilty, and general allegations about a "history of mental problems," a "5th grade education," and nonspecific "information learned from witnesses" do not satisfy the pleading requirements for a Rule 32 claim asserting that a petitioner was incompetent when he pleaded guilty. What's more, Dr. King assessed Reed in January 2010, and nothing in Reed's petition suggests that there was any change in his mental state from that time until he pleaded guilty in April 2010 or until he was sentenced in May 2010. Thus, Reed did not sufficiently plead this claim, and the circuit court did not err in summarily dismissing it. See Rule 32.7(d), Ala. R. Crim. P.

In claim (2), Reed asserted that the circuit court had not adjudged Reed guilty after the entry of the jury's verdict and before the court pronounced sentence on him. The record from Reed's direct appeal shows that the circuit court adjudicated him guilty after his guilty plea. (Record in CR-09-1264, R. 71.) Under § 13A-5-42, a jury trial was then held, and the jury also found Reed guilty of capital murder. In accordance with that verdict, the circuit court pronounced Reed's sentence. (Record in CR-09-

1264, R. 211.) Under Ex parte Eason, 929 So. 2d 992, 995 (Ala. 2005), Reed's claim lacks merit, and that claim was appropriate for summary dismissal under Rule 32.7(d).[3]

Reed's claims (3) and (4) are nonjurisdictional claims subject to the preclusionary grounds of Rule 32.2, Ala. R. Crim. P., and thus were appropriate for summary dismissal under Rule 32.7(d). See, e.g., Ex parte Batey, 958 So. 2d 339, 343 (Ala. 2006) ("Alabama courts have repeatedly held that an argument about the adequacy of the State's evidence is not jurisdictional and is therefore barred by Rule 32.2."); Borden v. State, 711 So. 2d 498, 501-02 (Ala. Crim. App. 1997) (holding that a claim that a charge was "duplicitous"—"that it joined two separate offenses in the same count"—is waivable if not timely raised in the trial court).

---

[3]In Ex parte Eason, 929 So. 2d 992, 995 (Ala. 2005), the Supreme Court held that "a judgment by the [trial] court imposing sentence in accordance with a guilty verdict or a guilty plea sufficiently implies the judgment of guilt and serves as a judgment of conviction that will support an appeal."

In Ex parte Kelley, 246 So. 3d 1068 (Ala. 2015), the Alabama Supreme Court refused to apply the Eason rule to a defendant whose sentence had not been pronounced orally. The record shows both that the circuit court adjudicated Reed guilty after his guilty plea and that the circuit court pronounced Reed's sentence in open court. Thus, Ex parte Kelley is not controlling.

As noted, Reed has filed multiple petitions challenging his 2010 conviction and sentence. The circuit court took a step in the right direction by granting Reed only partial indigency status and requiring him to submit an affidavit asserting that the claims in his petition were novel. (C. 24.)

> "[A]llowing [Reed] to file multiple petitions for postconviction relief in which his claims are either precluded or without merit wastes scarce judicial resources. Therefore, [we] would encourage the circuit court to consider adopting sanctions like those proposed in Peoples v. State, 531 So. 2d 323 (Ala. Crim. App. 1988), and Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of [Reed] and other similarly situated inmates. See Ex parte Thompson, 38 So. 3d 119 (Ala. Crim. App. 2009)."

Bennett v. State, 77 So. 3d 174, 174 (Ala. Crim. App. 2011) (Kellum, J., concurring specially). See also Ex parte Marbury, 293 So. 3d 867, 867 (Ala. 2019) (Sellers, J., concurring specially) ("Trial courts, as the gatekeepers of postconviction relief, should carefully consider adopting appropriate measures to prevent the repeated filing of frivolous petitions for postconviction relief that, even if viewed in a light most favorable to the defendant, have no chance of success. ... [T]his case serves as an example of the type of case in which trial courts throughout Alabama should adopt sanctions against 'frequent filers' to prevent frivolous filings

9

that serve only to needlessly increase the workload of courts that have significant and more meritorious cases to consider.").

CONCLUSION

The circuit court's judgment is affirmed.

AFFIRMED.

Windom, P.J., and Kellum, Cole, and Anderson, JJ., concur.