# Golson *v.* The State.

*Indictment for using Abusive, Insulting or Obscene Language in presence of Female.*

1. *Constituents of offense; evidence as to character or habits-of woman.* The use of abusive, insulting or obscene language, in the presence or hearing of a female, is made a criminal offense by statute (Code, § 4031), without regard to the character of the woman; and evidence of her reputation, or general character, is not admissible; but the defendant may prove, in mitigation and extenuation of the offense, that she habitually indulged in such language, either generally, or in her intercourse with him.

FROM the Circuit Court of Chilton.
Tried before the Hon. JAMES R. DOWDELL.

[Golson v. The State ]

The indictment in this case charged that the defendant, "in the presence or hearing of a woman, made use of abusive, insulting or obscene language, against the peace," &c. On the trial, as the bill of exceptions states, Mrs. W. Worden testified on behalf of the State, that the defendant came into her yard, in said county, and in her presence said: "God eternally damn that dog; that if he bit him, he would kill the son of a bitch." The defendant then asked said witness, "if she was not well acquainted with him, and on good terms with him; and if she did not frequently have him visit her house socially, and if she did not, when so associating with him, and in his presence and hearing, used similar language to that which she had just testified he had used in her presence;" also, "if she was not given to getting drunk, and, when in that condition, using all kinds of abusive, insulting and profane language, in the presence of the defendant, and to him;" also, "if she had not, in ordinary conversation with the defendant, frequently used profane language, and language similar to that as to which she had testified;" also, "if she had not frequently, in a jocular manner, used all kinds of profane language to the defendant;" also, "if it was not usual for her and the defendant, when associating together, to use all kinds of profane language to each other, and in the hearing of each other." To each of these questions the State objected, and the court sustained the objections, the defendant duly excepting. The defendant proposed to prove, also, that said witness "was generally known, in the neighborhood in which she and the defendant lived, as given to the use of profane language at all times, even in ordinary conversation;" and he excepted to the exclusion of this evidence by the court.

WM. A. COLLIER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—Section 4031 of the Code provides that "Any person . . . . who, in the presence or hearing of any female, uses abusive, insulting or obscene language, must, on conviction, be fined not more than two hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months." Under this statute, it is the jury's duty to assess the fine (Code, § 4499); and the judge may, in his discretion,

impose as additional punishment imprisonment in the county jail, or at hard labor for the county, for a term not exceeding six months.—Code, §§ 4494, 4498. Or the jury, if, in their judgment, the defendant should be punished in some other way than by imposition of a fine, may return a verdict of guilty without more, and leave the punishment to the imposition of the court.—Code, § 4500. It is thus seen, that both the jury and the court have a very large discretion as to the kind and amount of punishment to be visited upon one who is adjudged guilty of a violation of the section quoted. He may be fined from one cent to two hundred dollars, and imprisoned in jail, or at hard labor, from a nominal period in the former, and ten days in the latter case, to six months; or the punishment may consist solely in the imposition of a fine, or solely in a sentence to imprisonment. The law gives this wide discretion to the court and jury respectively, under this and many other statutes, in recognition of the truism, that no two criminal acts are precisely the same in point of guilt, and that each separate offense must, in the nature of things, involve some element of aggravation or extenuation peculiar to itself. That there may be some field afforded for the intelligent exercise of this discretion, it is not only proper, but necessary, that all the circumstances which legitimately shed any light on the transaction, and either add to, or take from the criminality of the act, should be submitted to the tribunal charged with the determination of the degree in some sort, as well as the fact of guilt.

Under that part of the statute we are considering, whether its purpose be to prevent breaches of the peace, or to shield the sensibilities of women, it is manifest that the evil from the violation of it, and the culpability of the defendant charged with such violation, would be less, where the language denounced by the statute is used in the presence of a female whose sensibilities are known to the defendant to have been blunted to the point of habitual indulgence on her own part, in abuse, insult and obscenity, than if she were pure of speech, and always considerate in expression. Like considerations would apply, where it is shown, not that the general habit of the woman was to use abusive, insulting, or obscene language, but that she was given to the use of it, playfully or otherwise, in her associations with the defendant; and evidence of either of these classes should be admitted, to enable the court and jury to discharge their discretionary functions as to the amount of the punishment intelligently,

and with approximation to exact justice. In this case, the facts, if they existed, of such habitual indulgence within the knowledge of the defendant, and of such indulgence by her in the association between prosecutrix and the defendant, should have been received in mitigation or extenuation of the offense. In the application of this rule, courts should be careful not to extend it to the *reputation* of the woman. It is intended to apply only to *habit*—the actual fact of the use of the interdicted language—and not to the general character of the woman in this respect. And such evidence can only go in extenuation of the offense, and in mitigation, within the sound discretion of the court and jury, of the punishment. It can in no case justify the act.

The legislative purpose was to make it a crime to use the language denounced in the statute, in the presence of any woman, under any circumstances. This purpose is clearly expressed. To deny the protection of the act to any female, or under any state of circumstances, would be to inject an exception into the statute which its letter does not admit of, and to which its spirit is opposed. Guilt must be adjudged upon a concurrence in evidence of the statutory facts, and upon these facts, with others that go in aggravation or extenuation, the punishment is to be assessed with reference to the degree of the defendant's culpability, as shown by the attendant circumstances.

The rulings of the Circuit Court were not in accord with our views of the law, and the case is reversed and remanded.