# *Ex parte* Roberson.

*Petition for Habeas Corpus.*

1. *Sufficiency of judgment of conviction; habeas corpus.*—A judgment of a court having jurisdiction, both of the person of defendant and the offense, reciting "that the defendant be, and he hereby is, sentenced to be confined in the state penitentiary for a term of twenty-five months as a punishment for said offense," is a sufficient judgment of conviction, though it omits to expressly adjudge defendant's guilt, since the judgment sentencing the defendant sufficiently implies the judgment of guilt; and a petition for a writ of *habeas corpus* averring that defendant is unlawfully confined in the county jail by virtue of such alleged void judgment is properly denied.

Luther Roberson filed his petition in this court, averring that he was unlawfully confined in the county jail of Cullman county, and illegally restrained of his liberties, by virtue of a void and illegal judgment rendered against him in a case in which he was prosecuted under an indictment for grand larceny.

[*Ex parte* Roberson.]

The prayer of the petition was that a writ of *habeas corpus* be issued and that the petitioner be discharged. The judgment of the circuit court of Cullman county was made an exhibit to the petition, and the facts in reference thereto are sufficiently shown in the opinion.

J. J. CURTIS and F. E. ST. JOHN, for petitioner, cited *Ayers v. State,* 71 Ala. 11; *Speed v. Cocke,* 57 Ala. 209; *Wright v. State,* 103 Ala. 93; *Mayfield v. State,* 40 Tex. 290; *Roberts v. State,* 3 Tex. App. 47.

CHAS. G. BROWN, Attorney-General, for the State, cited *Ex parte Brown,* 63 Ala. 107; *Ex parte Simmons,* 62 Ala. 416; *Ex parte State,* 71 Ala. 371; Church on *Habeas Corpus,* §§ 363 and n, 364, 365; *Clanton v. State,* 96 Ala. 111.

SHARPE, J.—The transcript made part of this petition shows that the petitioner was convicted in the circuit court of Cullman county upon an indictment for grand larceny, and that upon the verdict judgment was rendered "that the defendant be and he hereby is sentenced to be confined in the State penitentiary for a term of twenty-five months as a punishment for said offense."

Though it does omit to expressly adjudge the defendant's guilt, the judgment sentencing the defendant to the penitentiary sufficiently implies the judgment of guilt and is a judgment of conviction which would even support an appeal. The question has been expressly decided in *Wilkinson v. State,* 106 Ala. 28, and again in *Driggers v. State,* ante, p. 46.

To warrant his discharge upon *habeas corpus* the proceedings under which the petitioner is held must be illegal.—*Ex parte Simmons,* 62 Ala. 416; *Ex parte Brown,* 63 Ala. 187. The defendant being legally held in custody under proceedings in a court having jurisdiction of his person and of the offense with which he was charged and has been convicted, the circuit judge properly refused to issue the writ, and here also it will be denied.

*Habeas corpus* denied.