# Talbert *v.* The State.

*Indictment for Murder.*

1. *Admissibility of confessions; when shown to be voluntary.*—A confession as to the commission of a crime, which is made by a defendant without threats being made against him or any reward or inducement offered, are voluntarily made and are admissible in evidence.

2. *Homicide; defense of insanity; charge in reference thereto.*—On a trial under an indictment for murder, where the defendant introduces evidence tending to show that he was insane and subject to spells of insanity, a charge is erroneous and properly refused which instructs the jury that "If the defendant has satisfied the jury, from the evidence, that the defendant was insane and subject to spells of insanity from time to time for a period of eight or nine years prior and up to a short time before the killing, then the jury may presume that the defendant was insane when he killed the deceased, and the burden would be on the State to establish by the evidence, beyond a reasonable doubt, that the defendant was sane when he killed the deceased."

3. *Trial and its incidents; sufficiency of judgment of conviction.* Where, on the trial of a criminal case, after setting out the verdict of the jury the minute entry or the judgment does not recite a formal adjudication of the defendant's guilt upon the verdict, but the minute entry shows a judgment of sentence by the court in accordance with the verdict, there is implied a judgment of guilt, and the judgment of conviction is shown to be sufficient.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, Will Talbert, was indicted and tried for the murder of Henry Hall, was convicted

[Talbert v. The State.]

of murder in the first degree, and sentenced to be hanged. There was no conflict in the evidence as to the defendant having killed the deceased by striking him in the head with an axe.

During the examination of two of the witnesses for the State, each of them testified that the defendant, without any threats being made, or reward or inducements offered, told the circumstances under which he killed the deceased, and that he had made up his mind several days before the homicide to kill the deceased, because the latter was meddling with his business. The defendant moved to exclude this confession, upon the ground that it was illegal and incompetent evidence. The court overruled the objection, and the defendant duly excepted. The defendant introduced testimony tending to show that for eight or nine years prior to the homicide, he had acted very strangely and had spells of insanity. The State introduced evidence in rebuttal tending to show that the defendant was not insane. The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: (A.) "If the defendant has satisfied the jury, from the evidence, that the defendant was insane and subjects to spells of insanity from time to time for a period of eight or nine years prior and up to a short time before the killing, then the jury may presume that the defendant was insane when he killed the deceased, and the burden would be on the State to establish by the evidence, beyond a reasonable doubt, that the defendant was sane when he killed the deceased."

In the judgment entry, after the recital of a verdict by the jury, there is no formal adjudgment of the defendant's guilt, but it was ordered by the court that the prisoner be returned to jail to await the sentence of the court. This order was made on November 20, 1903. On the succeeding day, November 21, 1903, the record shows that there was a judgment entry as to sentence as follows: "It is therefore considered and adjudged by the court, and it is the sentence of the court, that on Friday, the 8th day of January, 1904, the defendant, the said

7

Willie Talbert, be taken from the jail of Marengo county to the scaffold to be erected between the legal hours and hanged by the neck until he is dead."

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State. The confession of the defendant as testified to by the witness Shields, was properly admitted. It was shown to have been voluntarily made.—*Jones v. State,* 137 Ala. 12.

The charge A requested by the defendant was erroneous and properly refused.—*Martin v. State,* 119 Ala. 1; *Maxwell v. State,* 89 Ala. 150; *Porter v. State,* 135 Ala. 51.

DOWDELL, J.—The predicate for the admission of evidence as to confessions made by the defendant was sufficiently shown. It was made to appear very clearly that the confessions testified to were voluntary. The objection to this evidence was general and the court committed no error in overruling the same.

The defendant requested in writing a number of charges to the jury, all of which were given except the one marked "A." This charge was faulty in several respects. Under the issue of insanity the burden of proof is on the defendant to clearly prove to the reasonable satisfaction of the jury such insanity. Criminal Code, § 4938, is as follows: "Every person charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the jury." That the defendant was "subject to spells of insanity from time to time," raises no presumption in favor of the defendant, that he was insane at the time of the commission of the alleged homicide, to the extent of shifting the burden to the State to prove his sanity.—*Porter v. State,* 135 Ala. 51, 56. The court committed no error in refusing the charge.

· There is an omission in the minute entry of the judgment of a formal adjudication of the defendant's guilt upon the verdict rendered. The minute entry, however, shows a judgment of sentence by the court in accordance with the verdict. In *Ex parte Roberson,* 123 Ala. 103, it was said that this sufficiently implies the judgment of guilt and is a judgment of conviction which would even support an appeal. On the authority of that case, and other cases there cited, we hold the judgment sufficient.

There being no reversible error in the record, the judgment appealed from must be affirmed.

Affirmed.

*Indictment for Murder.*

