[Stanfield, et al v. The State.]

# Stanfield, *et al. v.* The State.

## *Assault and Battery.*

(Decided Jan. 18, 1912. 57 South. 402.)

1. *Criminal Law; Trial; Time.*—Section 3248, Code 1907, does not mean that courts of three weeks' term, shall not take up criminal cases ·at any time during the term the court may determine, but that beginning on Monday of the third week of the term the criminal docket shall be taken up and criminal cases be given preference over the civil business during that week. Hence, · it was not error to try criminal cases during the second week of the term.

2. *Judgment; Sentence; Criminal Cases.*—Construing together section 7630 and section 6306, Code 1907, it is held that a verdict which simply finds the defendants guilty of assault and battery without imposition of punishment or fine, was sufficient to authorize a judgment and sentence to hard labor for six months, with an additional term to cover costs of prosecution.

3. *Same.*—Although a judgment in a prosecution for an assault does not affirmatively show that the defendants failed to pay the costs or confess judgment therefor, yet where the entry assessing such costs recites that the defendant being asked if they had anything to say why the sentence of the law should not be pronounced, says nothing, with the further recital that it is further considered by the court followed by the judgment of sentence in lieu of cost having been paid or secured, such judgment implies a determination that the costs were not paid or secured and is sufficient.

4. *Assault and Battery; Evidence; Former Difficulty.*—Under the rule that a defendant may not go into the details of a former difficulty testimony that the assaulted person had a pistol in his hand on an occasion when he made the threats at a time prior to and disconnected with the assault for which he was ·prosecuted, is not admissible.

5. *Costs; Criminal Prosecution; Sentence.*—Sentence for costs in a criminal prosecution should be at the rate of 75 cents per day, and a sentence for a less amount is erroneous.

6. *Trial; Argument of Counsel.*—Where the defendant stated on cross examination that he could not remember whether he had made a certain statement on his preliminary examination, his failure to remember was a circumstance not improper to be referred to by the state's counsel in argument as an independent matter, regardless of whether the statement had or had not been made.

7. *Witnesses; Corroboration.*—A witness cannot corroborate his own testimony by testifying to facts otherwise inadmissible.

8. *Same; Cross Examination; Discretion.*—The extent to which a cross examination will be permitted to go rests largely within the discretion of the trial court, and unless abused will not be reviewed,

[Stanfield, et al v. The State.]

and the permitting on cross examination questions testing the knowledge of the witness of facts supposed to have transpired in the life.of the assaulted party to test the extent and accuracy of his information as to the good character of such party, was not an abuse of this discretion.

9. *Same; Evidence on Preliminary Hearing.*—Under section 7600 of the Code of 1907, the defendant in a prosecution of assault with intent to murder may properly be asked if he did not make certain statements as a witness on preliminary hearing, although the evidence therein was not produced, where it was not sought to contradict the witness or show by secondary evidence whether he did or did not make the statement.

10. *Same.*—Where the state's counsel stated in open court, and his statement was unchallenged, that the evidence taken on the preliminary hearing, if any was taken had not been seen by him, and that to his knowledge such evidence had not been reduced to writing, such statement was sufficient to overcome the presumption that the evidence was reduced to writing, and to authorize the cross examination of defendant, as to whether he made a certain statement on such examination.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. E. GAMBLE.

John and Ab Stanfield were convicted of assault and battery, and they appeal. Corrected and affirmed.

T. L. BULGER, GEORGE A. SORRELL, and N. D. DENSON, for appellant. Counsel insist that the verdict was not sufficient to authorize the judgment and sentence of the court.—Secs. 6306 and 7630, Code 1907; *Golson's Case,* 86 Ala. 601; *Leoni's Case,* 44 Ala. 110; *Lacy's Case,* 58 Ala. 385; *Leonard's Case,* 96 Ala. 108. The sentence was also reversible because it does not affirmatively show that the defendants presently failed to pay the costs or to confess for same.—Sec. 7635, Code 1907; *Henry v. Murphy,* 54 Ala. 246; *Westcott v. Boothe,* 49 Ala. 182. It is insisted that the court was without authority of law to sentence for costs at a less rate than 75 cents per day. The court erred in declining to permit it to be shown that the assaulted party had a pistol and made threats against the defendant prior to the difficulty, and that such person was in the habit of carrying a pistol.—*Fincher v. The State,* 58 Ala. 215; *Caw-*

[Stanfield, et al v. The State.]

*ley's Case*, 133 Ala. 128; *Naugher's Case*, 116 Ala. 463; 99 Ala. 146. The court erred in permitting the defendant to be asked as to statements made by him on preliminary hearing.—Sec. 7600, Code 1907; *Percy's Case*, 125 Ala. 52; *Floyd's Case*, 82 Ala. 16; *Payne's Case*, 60 Ala. 80. The court committed reversible error in refusing to permit the cross examination of the witness Taylor in the manner attempted to be done.—*Jones' Case*, 120 Ala. 303; *Goodwin's Case*, 102 Ala. 87; *Hawes' Case*, 88 Ala. 37; *Ingram's Case*, 67 Ala. 67. The court erred in putting defendant to trial during the second week of the term as this court is a court of three weeks' duration.—Sec. 3235 and 3248, Code 1907; *Ex parte Branch*, 63 Ala. 383; *Jackson v. The State*, 102 Ala. 76; *Davis v. The State*, 46 Ala. 80.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in trying the defendant in the second week of the court.—*Goley v. The State*, 87 Ala. 57; *Hall v. The State*, 130 Ala. 45; *Griffin v. The State*, 165 Ala. 29. The verdict was proper and sufficient to support the judgment rendered.—Sec. 5306, and 7630, Code 1907. The judgment was sufficiently definite as to the payment of costs as to raise the presumption that the costs had not been paid or secured.—*Gray v. The State*, 55 Ala. 86; *Wilkinson v. The State*, 126 Ala. 23; *Driggers v. The State*, 123 Ala. 46; *Shirley v. The State*, 144 Ala. 35. The court properly denied the defendant the right to go into the details of the former difficulty, and the questions objected to call for details of such difficulty.—*Gordon v. The State*, 140 Ala. 29; *Stitt v. The State*, 91 Ala. 10; *McKillon v. The State*, 86 Ala. 594; *McAnally v. The State*, 74 Ala. 9; *James v. The State*, 115 Ala. 85. The court did not err in permitting the

questions to the defendant as to statements made by him on the preliminary examination.—*Davis v. The State*, 17 Ala. 354; *Harris v. The State*, 73 Ala. 495; *Matthews v. The State*, 96 Ala. 62. There is no error relative to the cross examination of Taylor as the question seems to have been answered.—*Hughes v. The State*, 75 Ala. 31; *A. G. S. v. Frazer*, 93 Ala. 45.

PELHAM, J.—The defendants were jointly indicted and tried for an assault with intent to murder, and the jury returned a verdict finding the defendants guilty of an assault and battery, leaving the punishment to be fixed by the court. The court sentenced each of the defendants to hard labor for the county for six months, and an additional term to cover the costs of the prosecution at the rate of 40 cents per day.

The term of the circuit court at which the defendants were tried was authorized to continue for three weeks (Code, § 3235), and the record shows the trial to have been had during the second week. The defendants made no objection to being tried during the second week of the term, but counsel urge in their brief that the court committed reversible error in putting the defendants on trial during the second week of a term of court authorized to continue three weeks, because section 3248 of the Code provides, when the term of the court is for three weeks, the criminal docket shall be taken up on the third Monday of the term. The statute means only that the criminal docket shall be taken up, and criminal cases given preference over civil business during the week stipulated, and not that the court is without authority or warrant in law to try criminal cases during a prior week of the term. The identical question was raised in *Goley v. State*, 87 Ala. 57, 6 South. 287, and decided adversely to the contention made by defendant,

in his brief. This ruling in *Goley's Case* has been cited approvingly and affirmed in *Hall's Case,* 130 Ala. 45, 30 South. 422, and *Griffin's Case,* 165 Ala. 29, 50 South. 962.

It is also insisted by appellants that, the jury having assessed no fine, the court was without authority to impose a punishment on the defendants based on the jury's verdict finding the defendants guilty of an assault and battery and leaving the punishment to the court. Section 7630 of the Code provides: "When an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county, the jury shall not be required to impose a fine; but, if in their judgment the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court." The offense of which the defendants were convicted is one that may be punished, in addition to a fine, by imprisonment or hard labor for the county.—Code, § 6306. The verdict was sufficient to support the judgment of the court imposing a punishment of hard labor within the limitations provided.—*Golson v. State,* 86 Ala. 601, 5 South. 799.

It is the further contention of appellants in brief filed by counsel that the judgment does not affirmatively show that defendants failed to presently pay the costs or confess judgment for the same, and that the sentence therefore rendered against the defendants in lieu of their payment or securing the costs is erroneous. The judgment entry as to each defendant recites that the defendant, being asked by the court if he had anything to say why sentence should not be pronounced upon him, said nothing, and the judgment then recites, "It is therefore considered by the court, and it is the judgment and sentence of the court," etc., that the de-

fendant perform hard labor for the county for six months as punishment for the offense, and an additional term to pay the costs. The words, "It is therefore considered by the .court," when followed by the proper statement in a judgment, have often been held to be a determination of the defendant's guilt and a sufficient judgment of conviction.—*Shirley v. State,* 144 Ala. 35, 40 South. 269; *Talbert v. State,* 140 Ala. 96, 37 South. 78; *Roberson v. State,* 123 Ala. 55, 26 South. 645; *Driggers v. State,* 123 Ala. 46, 26 South. 512; *Wilkinson v. State,* 106 Ala. 23, 17 South. 458; *Gray v. State,* 55 Ala. 86. If these words are a sufficient determination of guilt, certainly they are a sufficient determination, in the connection in which they are used, that the costs were not presently paid or secured.. As said by Denson, J., in rendering the opinion, of the court in *Shirley v. State, supra*: "The record fails to show a formal adjudication of the defendant's guilt upon the verdict rendered by the jury. But the minute entry shows a judgment of sentence by the court in accordance with the verdict. It has been held by this court that this sufficiently implies the judgment of guilt and is a judgment of conviction which will support an appeal." And in this case the record fails to show a formal adjudication that the costs were not presently paid or secured by a judgment of the court, but the minute entry shows a judgment of sentence by the court in lieu of the costs having been paid or secured, and it will be held, following the authorities cited, that this sufficiently implies finding a judgment that the costs were not paid or secured.

The question asked one of the defendants when being examined as a witness about the assaulted party, Drake, having a pistol in his hand on an occasion of making threats at a time prior to and disconnected

with the difficulty in question, falls within the rule pro-
hibiting a party going into the details of a former diffi-
culty.—*Gordon v. State,* 140 Ala. 29, 36 South. 1009;
*Harkness v. State,* 129 Ala. 71, 30 South. 73; *Stitt v.
State,* 91 Ala. 10, 8 South. 669, 24 Am. St. Rep. 853;
*Rutledge v. State,* 88 Ala. 85, 7 South. 335; *Lawrence
v. State,* 84 Ala. 424, 5 South. 33; *McAnally v. State,*
74 Ala. 9; *Gray v. State,* 63 Ala. 66.

The proposition advanced by counsel in brief, that
the testimony of the defendant Stanfield as to the as-
saulted party having a pistol on different occasions
than the assault in question was admissible as corrob-
orative of the defendant's prior testimony, is not tena-
ble. A witness cannot corroborate his own testimony.
—*McKelton v. State,* 86 Ala. 594, 6 South. 301; *Green
v. State,* 96 Ala. 29, 11 South. 478; *James v. State,* 115
Ala. 83, 22 South. 565.

There was no error prejudicial to defendants com-
mitted by the court in permitting the state's counsel to
ask one of the defendants on cross-examination, against
objection because the evidence required by the statute
(Code, § 7600) to be reduced to writing was not pro-
duced, if he did not make certain statements on the
preliminary hearing. The witness answered that he
did not remember whether he made the statement
asked about or not, and the investigation and inquiry
ended there. It was not sought to contradict him and
show by secondary evidence whether he did or did not
make the statement.

The question could have been asked to test the recol-
lection of the witness, and the fact that the witness
could not recollect whether he had made such state-
ment was a circumstance not improper to be referred to
by state's counsel in argument as an independent mat-
ter, irrespective of whether the statement had or had

not been made. No attempt was made to impeach the witness by the introduction of secondary evidence showing conflicting statements to have been made, and the objections taken cannot raise that inquiry.

Besides, it was held, in *Harris' Case,* 73 Ala. 495, and *Matthews' Case,* 96 Ala. 62, 11 South. 203, that, if the testimony is not reduced to writing, the testimony may be proven by any witness who heard it, and, while the presumption is that the officer did his duty and reduced the evidence to writing, the statute (Code, § 7601) requires that he must deliver it to the clerk or state's counsel, and the counsel for the state made the statement in open court, at the time objection was interposed, that he had not seen such evidence, and that the evidence had not, to his knowledge, been reduced to writing. This statement that the evidence was not available to the state was not challenged and might be deemed a sufficient showing to overcome the primary presumption of the officer's having reduced the evidence to writing.

The witness Taylor, having testified on direct examination to the good character of Marvin Drake, the party assaulted, for peace and quiet, was cross-examined at length on his knowledge of a great many facts supposed to have transpired in the life of the assaulted party to test the extent and accuracy of the witness' information. Some of the questions to which objections were sustained are shown to have been subsequently answered, others seek to go into the details of former difficulties between the defendants and the party assaulted, and a careful examination shows no well taken objection to the refusal of any proper question seeking legal evidence pertinent to the issue. While it is permissible, on the cross-examination of a witness who has testified to the good character of a party for peace and

[Stanfield, et al v. The State.]

quiet, to interrogate him with reference to what he has heard of specified acts of violence committed by the party, the extent and range of such examination is largely within the discretion of the court, and no abuse of discretion is shown as to the cross-examination of the witness Taylor by the defendants—*Clay v. Sullivan,* 156 Ala. 392, 47 South. 153; *Dilburn, Adm'r. v. L. & N. R. Co.,* 156 Ala. 228, 47 South. 210; *Smiley v. Hooper,* 147 Ala. 646, 41 South. 660; *Rhodes v. Weeden & Dent,* 108 Ala. 252, 19 South. 318; *Tobias v. Treist & Co.,* 103 Ala. 664, 15 South. 914; *Noblin v. State,* 100 Ala. 13, 14 South. 767.

We have examined all the rulings on the evidence, and other questions raised by the record, and find no reversible error available to defendants.

The judgment sentencing the defendants to hard labor for the county in default of the payment of costs at 40 cents per day is erroneous, and should be at the rate of 75 cents per day, and the judgment will be here corrected in that particular, and as thus corrected will be affirmed.—*Dowling v. City of Troy,* 1 Ala. App. 508, 56 South. 118; *Bradley v. State,* 69 Ala. 318; *Miller v. State,* 77 Ala. 41; *Vaughan v. State,* 83 Ala. 55, 3 South. 530; *Johnson v. State,* 94 Ala. 35, 10 South. 667.

Corrected and affirmed.