# Walker v. The State.

## Habeas Corpus.

(Decided February 4, 1915.  67 South. 719.)

1. *Judgment; Sufficiency.*—Where the judgment entry shows judgment for the recovery of fine and cost in accordance with the verdict, and a further judgment of sentence by the court to an additional term of hard labor for the county, as additional punishment its recitals are sufficient to imply the necessary judgment of guilt.

2. *Courts; Terms; Commissioners; Special Duty.*—The hiring of convicts as required by section 422 et seq., is a special duty under section 3311, Code 1907, and may be performed at a special as well as a regular term of the court of county commissioners.

APPEAL from Andalusia City Court.

Heard before Hon. Ed. T. ALBRITTON.

Habeas corpus by Jim T. Ward to be discharged from custody. From a judgment denying the writ he appeals. Affirmed.

See, also, 10 Ala. App. 205, 65 South. 528.

J. H. CARNLEY, for appellant. There is no judgment of guilt, but simply a verdict and a sentence, and the judgment is void.—*Moss v. The State,* 140 Ala. 199; *Wright v. The State,* 103 Ala. 95; *Ayers v. The State,* 71 Ala. 11; *Gray v. The State,* 55 Ala. 86. The order authorizing the hiring of convicts is void because passed at a special term of the commissioner's court.—*Wightman v. The State,* 20 Ala. 446, § 3311, Code 1907.

WILLIAM L. MARTIN, Attorney General and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The petitioner in the habeas corpus proceedings, who brings this appeal from a judgment of the primary tribunal remanding him to custody, makes the point that he is illegally restrained of his liberty because the original judgment of his conviction for violating the prohibition law entered in the circuit court of Coffee county, under which he is held on a contract of hire as a county convict, is unauthorized and void for the reason that the judgment entry shows no formal adjudication of guilt. The judgment entry of the circuit court, set out in the transcript as constituting an exhibit to the return to the writ, shows a judgment for the recovery of the fine and costs following and in accordance with the verdict of the jury, and a further judgment of sentence by the court for an additional punishment of six months' hard labor for the county. Although the judgment entry shows no formal adjudication of guilt upon the verdict, yet when, as here, the minute entry does show a judgment for the recovery of the fine and costs as assessed by the verdict of the jury in finding the defendant guilty, also a judgment of sentence for six months' hard labor imposed by the court in the way of additional punishment, the recitals are sufficient to imply a judgment of guilt.—*Driggers v. State,* 123 Ala. 46, 26 South. 512; *Shirley v. State,* 144 Ala. 35, 40 South. 269; *Stanfield v. State,* 3 Ala. App. 54, 58, 59, 57 South. 402.

The further point is made by petitioner that the contract of hire under which the defendant is held as a county convict is void because the order of the commissioners' court, authorizing the hard labor agent to hire out county convicts, was entered at a *special* term of

the commissioners' court held under the provisions of section 3311 of the Code of 1907, conferring authority upon the commissioners to perform any 'special duty" at such term that they may be required by law to perform. The "special duty" referred to in the statute (section 3311) imports no more, in the use of this expression, than to distinguish the duties that may be performed at such a term from those general duties to be performed at regular terms that are declared by the law as relating to the routine business of commissioners' courts as set out and provided for in chapter 65 of the Code of 1907, which embraces the section conferring this authority to hold special terms for the performance of other duties. The matter of providing for the hiring of county convicts is a duty imposed upon courts of county commissioners of each of the counties in the state by the act of the Legislature approved November 30, 1907, to be found on pages 422 et se. of the Criminal Code of 1907. This is a special duty imposed on the commissioners' court as contra-distinguished from those general duties in the transaction of the regular and routine business of the court that are provided for in chapter 65 of the Code, and the contention of the petitioner that the order of the court authorizing making the contract of hire under which he is held is void because made at a special term cannot be upheld. See, also, *Joe F. Thames v. State, Infra*, 68 South. 474.

Affirmed.