(88 South. 451)

## WHITE v. STATE.   (7 Div. 639.)

(Court of Appeals of Alabama.   Feb. 1, 1921.)

**1. Criminal law �köö1187—Duty of appellate court to consider all questions apparent of record and render proper judgment.**

Under the statute (Code 1907, § 6264) it is the duty of the appellate court to consider all questions apparent on the record, or reserved by bills of exceptions. and to render such judgment *as the law demands.*

**2. Criminal law �köö995(2) — Judgment entry should recite conviction.**

In all criminal cases where there is conviction, the judgment entry should recite in express words that the defendant is adjudged guilty by the court as found by the jury, naming the offense; in other words, there should always be the judgment of the court upon his guilt.

**3. Criminal law �köö995(2) — Judgment held barely sufficient to uphold conviction.**

A judgment entry in a homicide case, "It is therefore considered, ordered, and adjudged by the *court* and it is the judgment of the court that the defendant, W., be, and he is hereby, sentenced to imprisonment in the penitentiary," etc., *held* barely sufficient to uphold the conviction, being faulty in failing to recite in express words that defendant was adjudged guilty by the court.

**4. Criminal law ⊛390—Witness cannot testify as to motive.**

In homicide case, where on cross-examination the state's witness testified that deceased prior to the difficulty on the same day had given the witness a pistol, the court did not 'err in sustaining an objection to the further 'question, "How come him giving you that pistol?" since a witness cannot testify as to the

motive, reason or intention of his own or of another person.

**5. Homicide ⊛163(2)—Evidence as to deceased's connection with liquor business properly excluded.**

In a *homicide* case the court did not err in sustaining objections to questions of state's witness, "He [deceased] and A. were partners in the liquor business that day?" and "Do you know whether he [deceased] was drinking after that any more?" the tendency of such inquiries being to unduly prejudice the jury by immaterial matters not involved in the trial.

**6. Criminal law ⊛694, 696(6)—Objection and motion to exclude answer too late to be available.**

On redirect examination of state's witness, where state asked, "You have seen the ordinary pistol hammer?" to which the witness answered, "Yes, sir," and state asked, "Would you judge that could make that wound?" to which the witness answered, "I believe that it could," and defendant then objected to that answer and moved the court to exclude same and excepted to the action of the court in overruling the objection and denying the motion, the objection and motion were too late to be available.

**7. Criminal law ⊛1170½(1)—Improper redirect examination held cured by recross-examination.**

If the court erred on redirect examination of state's witness in permitting him to testify concerning a certain matter, such error was cured where defendant on recross-examination of the witness brought out the same testimony and even went further into the alleged objectionable testimony than had been done by the state.

**8. Homicide ⊛340(4)—Refusal to give affirmative instruction as to murder in first degree on conviction of manslaughter cannot be urged.**

Conviction of defendant of offense of manslaughter operated as an acquittal of murder in the first degree, and hence accused cannot complain of refusal of the court to give affirmative charge as to murder in the first degree.

**9. Criminal law ⊛829(1)—Requested charge substantially covered by oral charge properly refused.**

It was not error to refuse a requested charge fairly and substantially covered by the oral charge of the court.

**10. Criminal law ⊛763, 764(7)—Charge held invasive of province of jury.**

In a homicide case, a requested charge, "If you believe the evidence in this case, the defendant was free from fault in bringing on the difficulty between him and G. [deceased]," was invasive of the province of the jury and was properly refused.

Appeal from Circuit Court, Clay County; E. J. Garrison, Judge.

Jim (alias James) White was convicted of manslaughter, and appeals. Affirmed.

The judgment entry recites all the preliminary matters previous to and leading up to the verdict of the jury, then the verdict of the jury, the defendant being asked if he had anything to say why the sentence of the law should not now be pronounced upon him, and the following:

"It is therefore considered, ordered, and adjudged by the court, and it is the judgment of the court, that the defendant, Jim White, be, and he is hereby, sentenced to imprisonment in the penitentiary of the state of Alabama for a period of five years."

The following charges were refused to the defendant:

(1) The affirmative charge.

(3) Affirmative charge as to murder in the first degree.

(11) If you believe the evidence in this case, the defendant was free from fault in bringing on the difficulty between him and Giles.

Lackey, Pruet & Glass, of Ashland, for appellant.

A physician may no more testify as to how a wound is inflicted than a layman. 52 Ala. 370; 58 Ala. 393; 82 Ala. 38, 2 South. 451; 159 Ala. 44, 49 South. 224, 133 Am. St. Rep. 17; 8 Ala. App. 55, 62 South. 977; 13 Ala. App. 111, 69 South. 366.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The witness qualified as an expert, and the questions and answers were properly allowed. 16 Ala. App. 542, 79 South. 678; 203 Ala. 173, 82 South. 423; 85 South. 819. The charges were properly refused. 182 Ala. 18, 62 South. 57.

BRICKEN, P. J. The defendant was indicted for murder in the first degree, the trial under this indictment resulted in a verdict by the jury of guilty of manslaughter in the first degree, and his punishment was fixed at five years' imprisonment in the penitentiary.

[1] Under the statute (Code 1907, § 6264) it is the duty of the appellate courts of this state to consider all questions apparent on the record, or reserved by bills of exceptions, and to render such judgments as the law demands.

[2] In the instant case the judgment entry is faulty, not, however, to the extent of constituting error; yet we feel it necessary to again call to the attention of the circuit clerks and to the presiding judges the fact that in all criminal cases where there is conviction the judgment entry should recite in express words that the defendant is adjudged guilty by the court as found by the jury, naming the offense; in other words, there should always be the judgment of the court upon his guilt.

[3] In this case the language employed in the minute entry is barely sufficient to uphold the conviction, but under the authority of the following cases we hold that enough is expressed to show that the judgment was invoked and pronounced upon the guilt of the defendant: Wilkinson v. State, 106 Ala. 28, 17 South. 458; Wright v. State, 103 Ala. 95, 15 South. 506; Gray v. State, 55 Ala. 86; Ex parte Roberson, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107; Ex parte Rodgers, 12 Ala. App. 218, 225, 67 South. 710; Stanfield v. State, 3 Ala. App. 54, 59, 57 South. 402.

[4] On cross-examination of state's witness Ed Denham testified that deceased, Giles, some time prior to the difficulty here in question, but on the same day, had given him (witness) a pistol. The defendant then propounded to him the following question: "How come him giving you that pistol?" The court sustained the state's objection to this question, and defendant excepted. That there was no error in this ruling is so patent no discussion thereof is necessary. A witness cannot testify as to the motive, reason, or intention of his own or of another person.

[5] The next exception was to action of the court in sustaining the state's objection to the question asked this same witness by defendant, "He [deceased] and Alford were partners in the liquor business that day?" This objection was properly sustained, as the matter inquired about was irrelevant and wholly foreign to any of the issues involved in this case, and further the tendency of such inquiry was to unduly prejudice the jury by immaterial matters not involved in this trial. The same applies to the ruling of the court in sustaining the objection to the question, "Do you know whether he [deceased] was drunk after that any more?" The question related to a period of time some days after the difficulty, and was therefore not competent.

There was no error in the ruling of the court upon the testimony of Dr. A. H. Owens, one of the physicians who attended the deceased after he had been injured, and the exception in this connection is without merit.

[6, 7] The principal insistence of error by counsel for appellant, and the only question argued by them in brief, relates to the following occurrence as shown by the record, state's witness Dr. J. M. Barfield being upon the witness stand (on redirect examination of this witness):

"Here the state asked the witness the following question: 'You have seen the ordinary pistol hammer?' to which the witness answered, 'Yes, sir,' and the state asked this question, "Would you judge that could make that wound?' to which the witness answered, 'I

believe that it could.' The defendant then objected to that answer and moved the court to exclude same, and excepted to the action of the court in overruling the objection and denying the motion."

It will be noted that these questions were propounded to this witness and his answers thereto were made without objection, and therefore, if for no other reason, the exception cannot avail; the objection and motion coming too late. Null v. State, 16 Ala. App. 542, 79 South. 678. Moreover, under the wide scope of this witness' testimony both on direct, cross, and redirect examination, the testimony appears competent under the authority of the following cases: Null v. State, 16 Ala. App. 542, 79 South. 678; Carden v. State, 203 Ala. 173, 82 South. 423; Lundy v. State, 85 South. 819.[1] Furthermore, if there had been error in this connection, which there was not, such error was cured by the defendant himself having, on recross-examination of this witness, brought out the same testimony above objected to, and even went further into the alleged objectionable testimony than had been done by the state on redirect examination.

There was no error in excluding from the jury on motion of state certain portions of the testimony of witness Harvell; it being apparent at the time this ruling was made the testimony excluded was not connected, not a part of the res gestæ, and therefore not relevant. It is clear that this ruling was without prejudice to the defendant's substantial right.

Charge one was properly refused. The evidence in this case presented a jury question.

[8] The conviction of this defendant of the offense of manslaughter operated as an acquittal of murder in the first degree, and for this reason alone the refusing of charge 3, the affirmative charge as to murder in the first degree, was without error. The charge was properly refused for other and obvious reasons.

[9] Charge 10 refused to defendant was fairly and substantially covered by the oral charge of the court, and therefore it was properly refused.

[10] Charge 11 was invasive of the province of the jury, and therefore properly refused. It was a matter for the jury to determine from all the evidence in the case as to whether or not the defendant was free from fault in bringing on the difficulty between him and deceased.

This disposes of all the questions presented, and, as no error appears in any of the rulings of the court and none upon the record, it follows that the judgment of conviction appealed from must be affirmed.

Affirmed.