(101 So. 166)

## HIGGINBOTHAM v. STATE. (6 Div. 587.)

(Court of Appeals of Alabama. June 30, 1924. Rehearing Denied July 22, 1924.)

**1. Statutes ⬅8½(1)—Act creating court of domestic relations held not void as violative of Constitution as to notice.**

The act creating the court of domestic relations *held* not void, as violative of Const. 1901, §§ 104, 106, as to notice.

**2. Criminal law ⬅995(2)—Recitals in judgment held sufficient to imply judgment of guilty; "award."**

A judgment reciting a plea of guilty and an award judgment sentence, fixing a sentence, *held* sufficient to imply a judgment of guilt; "award" meaning a judgment, sentence, or final decision.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Award.]

**3. Criminal law ⬅105—Plea of guilty held to give jurisdiction of person to court having jurisdiction of crime charged.**

The court of domestic relations of J. county having jurisdiction of the crime of desertion, acquired jurisdiction of accused's person by his plea of guilty, notwithstanding the desertion may have been committed in another county.

**4. Habeas corpus ⬅4—Judgment of conviction held not reviewable by writ of habeas corpus.**

Where the court of domestic relations had jurisdiction of accused and of the subject-matter of the crime with which he was charged, its judgment of conviction could not be reviewed by a writ of habeas corpus.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Petition of Bert Higginbotham for writ of habeas corpus. From a judgment denying the writ, petitioner appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The deputy solicitor has no authority to issue a warrant. Acts 1923, p. 619, § 12; Const. 1901, § 8. The act is void. Const. 1901, § 104. The judgment of the court of domestic relations is insufficient. Roberson v. State, 123 Ala. 55, 26 South. 645.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The petitioner was originally committed under and by virtue of an award of the court of domestic relations of Jefferson county, in which court petitioner pleaded guilty to a charge of desertion, etc. On May 16th there was entered in the said domestic relations court the following:

"May 16, 1924, on plea of guilty the court awards the following punishment: That the defendant Bert Higginbotham serve a term of twelve months at hard labor for the county."

This order was signed, and then follows a conditional suspension. On May 21st petitioner sued out before the judge of the circuit court of Jefferson county a writ of habeas corpus, praying his discharge. Upon the hearing, by the answer and certified exhibits thereto, it appeared that petitioner was being held by order of the court of domestic relations, as above set out. When these facts were made to appear, without dispute, the circuit court declined to hear petitioner further, and remanded petitioner to the custody from which he had been taken.

[1] It is here insisted that the act creating the court of domestic relations is void as being in violation of sections 104 and 106 of the Constitution. This contention is not tenable. Stone, etc., v. State ex rel., etc., 18 Ala. App. 154, 89 South. 304.

It is next insisted that the process upon which petitioner was arrested and carried before the domestic relations court was void in that it was issued by an officer not authorized by law to take the affidavit. This authority is expressly given to the officer issuing the original process by section 12, Acts 1923, p. 612, and we know of no law which prohibits the Legislature from so conferring this authority.

[2] Webster's definition of "award" is, "A judgment, sentence, or final decision." It is held by our courts that, although the judgment entry shows no formal adjudication of guilt, yet, when the judgment does show a judgment fixing the sentence upon a verdict, the judgment will be held to be sufficient. In this case there is a plea of guilt and an award judgment sentence, fixing a sentence. The recitals are sufficient to imply a judgment of guilt. White v. State, 18 Ala. App. 50, 88 South. 451; Walker v. State, 12 Ala. App. 229, 67 South. 719; Driggers v. State, 123 Ala. 46, 26 South. 512; Shirley v. State, 144 Ala. 35, 40 South. 269; Stanfield v. State, 3 Ala. App. 54, 57 South. 402.

[3, 4] It may be true as contended by petitioner that his domicile had been fixed in Calhoun county, and that whatever act was committed was in Calhoun county, but the domestic relations court had jurisdiction of the crime charged, and the petitioner, by his plea of guilty, gave jurisdiction of his person to the court. Being a court of competent jurisdiction, and having by the plea acquired jurisdiction of the person, the court should proceed to a legal disposition of the case. Having jurisdiction of the defendant and of the subject-matter, the judgment of conviction cannot be reviewed by a writ of habeas corpus. Davis v. State, 153 Ala. 73, 45 South. 154; Kirby v. State, 62 Ala. 51; Ex parte Brooks, 51 Ala.

60; King v. State, 16 Ala. App. 341, 77 South. 935.

The circuit judge did not err in denying the writ as prayed, and his judgment is affirmed.

Affirmed.

BRICKEN, P. J. (dissenting). The purported judgment of conviction signed by Virginia H. Mayfield, judge, and upon which this petitioner is held in the county jail, is in words and figures as follows:

"May 16, 1924.

"On plea of guilty, the court awards the following punishment: That the defendant, Bert Higginbotham, serve a term of twelve months at hard labor for this county.

"Virginia H. Mayfield, Judge."

In my opinion this is wholly insufficient; and according unto this entry the most liberal construction, it is nothing more than a mere bench note, and in no respect does it rise to the dignity of a judgment of conviction. In other words, this entry is lacking in form, and material averments, to constitute it a judgment, and to support it as a judgment is to sanction an uncertainty and looseness in the record bordering upon the pernicious. There is no adjudication of guilt, nor is there even a pronouncement of sentence by the court, and it contains no language from which those all-important essentials could be implied. The entry above set out is not a judgment; as such it is void, and the petitioner to be restrained of his liberty under and by virtue of such an abortive attempt at a judgment, such restraint is illegal, and he should be forthwith discharged. Habeas corpus is a writ of right and under the fundamental law of this state no authority thereof has the right to suspend such writ. Const. 1901, § 17. It is the legal process employed for the summary vindication of the right of personal liberty when illegally restrained. As stated, there is no judgment of any court, shown by this record, authorizing the restraint of this petitioner. It requires neither argument nor citation of authorities to show that this entry (supra) is wholly inoperative as a judgment. It is nothing more than an unintelligible bench note, and barely contains sufficient data from which to prepare a judgment.

"The judgment, decree, or order of any court, to be operative, must be certain and complete in itself, without reference to anything else by which to ascertain its meaning." Wright v. State, 103 Ala. 95, 15 South. 506.

This question being conclusive of the matter, I refrain from discussing other questions presented upon this appeal. I dissent from the conclusion reached, as well as from the reasons therefor. The writ should be granted, and the petitioner discharged from custody.