(109 So. 288)

## WAINWRIGHT v. STATE. (3 Div. 521.)

(Court of Appeals of Alabama. June 29, 1926.)

**I. Disorderly conduct ⬅️9.**

In prosecution for using abusive or obscene language in the presence of a woman, question on cross-examination whether prosecutrix had "had sexual intercourse with defendant before that time" *held* properly excluded, since testimony was irrelevant.

**2. Criminal law ⬅️396(2).**

In prosecution for using abusive or obscene language in the presence of a woman, where offensive remarks were invoked by conversation of defendant's companions with prosecutrix, admitting evidence of whole transaction was not error.

Appeal from Circuit Court, Autauga County; G. F. Smoot, Judge.

Sam Wainwright was convicted of using abusive or obscene language in the presence of a woman, and he appeals. Affirmed.

Guy Rice, of Prattville, for appellant.

Counsel argue for error in rulings on evidence, and cite Ethridge v. State, 124 Ala. 106, 27 So. 320; Golson v. State, 86 Ala. 601, 5 So. 799.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Rulings on admission of evidence were without error. Golson v. State, 86 Ala. 601, 5 So. 799.

RICE, J. [1] In this prosecution for the offense of using abusive or obscene language in the presence of a woman the defendant suffered no injury to substantial rights when the state's objection to the question propounded, on cross-examination, by defendant to the prosecuting witness, viz.: "Had you ever had sexual intercourse with the defendant, Sam Wainwright, before that time?" Even if proven, the testimony sought would have neither excused nor mitigated the offense; it was foreign to the issue, and well refused. Golson v. State, 86 Ala. 601, 5 So. 799.

[2] The only other ground of complaint is the ruling of the court by which the prosecuting witness was permitted to testify what was said on the occasion by defendant's companions. It appears that the defendant and two other men came to the house where the prosecuting witness lived and there engaged in conversation among themselves and also with the witness, in which the language complained of was used. The offensive remarks attributed to the defendant had reference to or were evoked by what was said by his companions. The effect of the court's rulings was to admit evidence of the whole transaction. In this there was no error.

The record presents no error. The judgment is due to be affirmed.

Affirmed.