186 So. 184

## PILGRIM v. STATE.

### 8 Div. 738.

Court of Appeals of Alabama.

Nov. 15, 1938.

Rehearing Denied Nov. 29, 1938.

Wm. L. Chenault, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was convicted, in the lower court, for the violation of the second clause of section 3193 of the Code 1923, which makes it unlawful for any person to use abusive, insulting, or obscene language in the presence or hearing of a woman.

Upon the trial, the State offered ample evidence to sustain the charge, and the court properly submitted the case to the jury for its consideration.

The accused testified as a witness in his own behalf, and denied that he had used the language in the presence of a woman, imputed to him by the witnesses who testified for the State. Further, in extenuation of the offense and in mitigation of the punishment the defendant testified that the woman in question, his former wife, was herself in the habit of using language inhibited under the Statute; and, he also offered some testimony tending to sustain this insistence. The court properly allowed such testimony, under the rule laid down in the case of Golson v. State, 86 Ala. 601, 5 So. 799. But, as stated, in the Golson Case, such evidence can in no case justify the act, and, as above stated, is permissible for the purpose of extenuation or in mitigation only.

The action of the court in not allowing the defendant a continuance was within the sound discretion of the court, and here there appears no abuse of such discretion, hence the court will not be put to error.

No reversible error appears in any ruling of the court. The record is regular and without error, it follows that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.